**Johnny MEADOWS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–98–00373–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 22, 1999.

Published in Part Pursuant
to Tex. R. App. P. 90.

Winston E. Cochran, Jr., Attorney at Law, Houston, for Appellant.

Rikke Burke Graber, Assistant District Attorney, John B. Holmes, District Attorney of Harris County, for the State.

Panel consists of Justices MIRABAL, TAFT, and NUCHIA.

## OPINION

SAM NUCHIA, Justice.

A jury found appellant, Johnny Meadows, guilty of aggravated sexual assault, and found the enhancement paragraph true. The jury assessed punishment at life. Appellant appealed his conviction, and the Seventh Court of Appeals, in an unpublished opinion, affirmed the conviction, but reversed the punishment and remanded for a new sentencing hearing.

The jury, in the second sentencing hearing, found the allegations in the enhancement paragraph true and that a deadly weapon was used, and assessed punishment at confinement for life. The trial court granted the State's motion to cumulate, ordering that appellant's sentence was to begin after the completion of his life sentence for a murder conviction in Tarrant County. We affirm.

## BACKGROUND

On June 7, 1993, appellant met the complainant, and asked her if she would be interested in a part-time job at his law office. Appellant gave the complainant a business card with the printed words "Law Office of Walter J. Pink," but Walter Pink's name was crossed out and in its place was handwritten "Johnny Meadows." Appellant had previously been employed by Walter Pink as a research assistant; however, he had recently been terminated. He asked the complainant to come by the office that evening for job orientation. Appellant also called her around 7:00 p.m. that evening and asked if she could come to orientation.

The complainant arrived at the office building and discovered that no one but appellant was in the office. Appellant began to familiarize the complainant with the computer. After a short while, appellant left the office to go get something to drink.

While appellant was gone, the computer malfunctioned, and when he returned, the complainant asked him to fix it. Appellant became very angry and began to pull the complainant's hair and push her down the hall toward the executive office. The complainant then noticed that another man was now in the office, who she later learned was Patrick Barbie.

Appellant threw the complainant on the couch and told Barbie, "Go ahead and get the bitch." Barbie then began to have sexual intercourse with the complainant; however, he stopped and told appellant that the complainant was shaking too bad. Appellant responded, "The bitch faking [sic]."

After Barbie's assault of the complainant, appellant, brandishing a knife, took the complainant to another room and demanded she take off her clothes or he would cut them off. Appellant put a knife to the complainant's throat and told her, "Don't let me have to gag you or tie you up." The complainant complied and removed her clothing. Appellant then performed oral sex on the complainant.

When appellant finished, the complainant fled to the other room where Barbie was and told him that she was only there because appellant promised her a job. Barbie threw the complainant her clothes

and told appellant to let her go. Appellant and Barbie then began to argue, and appellant tried to stab Barbie. Barbie and the complainant fled the office building, while appellant ran naked in pursuit.

## DISCUSSION

### *Admission of Extraneous Offense*

■ In his first point of error, appellant asserts that the trial court erred in allowing the complainant to testify that Barbie sexually assaulted her at the behest of appellant. Appellant complains that the evidence of Barbie's sexual assault of the complainant was not the basis of his conviction and was erroneously admitted in violation of rule 403 of the Texas Rules of Evidence.

Appellant asserts that, although section 3(a) of article 37.07 of the Texas Code of Criminal Procedure allows for the admission of evidence of other crimes or bad acts, a rule 403 balancing test must still be conducted. Although appellant cites no authority for this position, we note that several of our sister courts have accepted the proposition that evidence is admissible during the punishment phase unless the probative value of the evidence is substantially outweighed by its unfair prejudicial effect. *See Taylor v. State*, 970 S.W.2d 98, 102–03 (Tex.App.—Fort Worth 1998, pet. ref'd); *Saldivar v. State*, 980 S.W.2d 475, 504 (Tex.App.—Houston [14th Dist.] 1998, pet. filed); *Smith v. State*, 899 S.W.2d 31, 34 (Tex.App.—Austin 1995, pet. ref'd).

We also note that, in 1992, the Texas Court of Criminal Appeals, in *Grunsfeld v. State*, held in construing section 3(a) of article 37.07, that even if evidence was deemed relevant to sentencing by the trial court, extraneous, unadjudicated offenses and their details were inadmissible. 843 S.W.2d 521, 523–26 (Tex.Crim.App.1992). Section 3(a) of article 37.07 at the time of *Grunsfeld* provided:

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, *as permitted by the Rules of Evidence,* be offered by the state and the defendant as to *any matter the court deems relevant to sentencing, including* the prior criminal record of the defendant, his general reputation and his character.

Act of May 29, 1989, 71st Leg., ch. 785, § 4.04, 1989 Tex. Gen. Laws 3471, 3492, *amended by* Act of May 29, 1993, 73rd Leg., ch. 900, § 5.05, 1993 Tex. Gen. Laws 3586, 3759 (first emphasis added).

In June of 1993, the legislature, with an amendment of section 3(a) that appears to have been directed at the Texas Court of Criminal Appeals holding in *Grunsfeld,* removed the reference to the rules of evidence as a whole, and specifically excluded the application of rules 404 and 405 of the Texas Rules of Evidence. Act of May 29, 1993, 73rd Leg., ch. 900, § 5.05, 1993 Tex. Gen. Laws 3586, 3759, *amended by* Act of May 27, 1995, 74th Leg., ch. 262, § 82, 1995 Tex. Gen. Laws 2517, 2583. Section 3(a) of article 37.07 now provides:

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, *the circumstances of the offense for which he is being tried,* and, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, *any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.*

Tex.Code Crim. P. Ann. art. 37.07, § 3(a) (Vernon Supp.1999) (emphasis added).

■ The legislature has specifically excluded the application of rules 404 and 405,

but did not exclude the application of rules 401, 402, or 403. In view of the fact that a plain reading of the amended section 3(a) indicates it clearly resolves the *Grunsfeld* issue, we see no reason to hold that the legislature also intended to exclude the applicability of rules 401, 402, and 403 in determining the admissibility of evidence. Rules 401 and 402 merely define relevancy and admissibility, and rule 403 gives the trial judge the discretion to avoid unfair prejudice, confusion of issues, misleading the jury, unnecessary delay, and needless cumulation. Therefore, we hold that the trial court, in determining whether to deem evidence relevant to sentencing, and thus admissible under section 3(a) of article 37.07 of the Texas Code of Criminal Procedure, should apply rules 401, 402, and 403 of the Texas Rules of Evidence.

■ Because appellant objected to the complained-of testimony under rule 403, the trial court had to weigh the testimony's probativeness to see if it was substantially outweighed by the potential for unfair prejudice. *See* TEX.R. EVID. 403; *Santellan v. State*, 939 S.W.2d 155, 169 (Tex.Crim.App.1997); *Massey v. State*, 933 S.W.2d 582, 586 (Tex.App.—Houston [1st Dist.] 1996, no pet.). Factors to be considered in this evaluation include: (1) the evidence's inherent probative value, (2) its potential to impress the jury in some irrational but indelible way, (3) the amount of trial time the proponent needs to develop such evidence, and (4) the proponent's need for the evidence. *Montgomery v. State*, 810 S.W.2d 372, 389–90 (Tex.Crim. App.1990) (on reh'g). In determining need, the trial court examines the availability of other evidence to establish the particular fact of consequence, the strength of that other evidence, and whether the fact of consequence is related to an issue in dispute. *Id.* There is a presumption that relevant evidence is more probative than prejudicial. *Santellan*, 939 S.W.2d at 169. We review for clear abuse of discretion. *Id.*

■ Appellant first complains the trial court did not conduct a rule 403 balancing test, and that this should be considered a "red flag" toward finding that the trial court abused its discretion. The trial court must perform a rule 403 balancing test if requested. *See Santellan*, 939 S.W.2d at 169. However, it need not conduct a formal hearing or even announce on the record that it has mentally conducted this balancing test. *Yates v. State*, 941 S.W.2d 357, 367 (Tex.App.—Waco 1997, pet. ref'd); *Luxton v. State*, 941 S.W.2d 339, 343 (Tex.App.—Fort Worth 1997, no pet.). Here, appellant objected on rule 403 grounds, which the trial court overruled. Appellant again objected on rule 403 grounds, and after a brief argument, the trial court overruled the objection. By overruling appellant's rule 403 objections, the trial court necessarily conducted the balancing test by considering and overruling the objection. *Yates*, 941 S.W.2d at 367; *Sparks v. State*, 935 S.W.2d 462, 466 (Tex.App.—Tyler 1996, no pet.). That is, we may presume from the record before us that the trial court conducted the balancing test and found the evidence more probative than prejudicial. *See Luxton*, 941 S.W.2d at 343; *Sparks*, 935 S.W.2d at 466.

■ The facts and circumstances surrounding the commission of an offense are relevant. *Mayes v. State*, 816 S.W.2d 79, 85 (Tex.Crim.App.1991). Evidence of how the offense developed and progressed is necessary for the jury to have a complete picture of what occurred. *Burks v. State*, 876 S.W.2d 877, 900 (Tex.Crim.App. 1994).

During the sentencing hearing in the present case, the complainant testified as to the events surrounding her assault by appellant and Barbie. The complainant testified that appellant told Barbie to have sex with her. She testified that Barbie began to have sexual intercourse with her, but that he stopped and told appellant that she was shaking too bad. She further

testified that appellant told Barbie that she was faking it.

The complainant also testified that she told Barbie she was only at the office because appellant had promised her a job. She stated that Barbie gave her clothing to her and told appellant to let her go. The complainant testified that Barbie stated that appellant had told him a different story.

This evidence is clearly probative as to the aggravated circumstances of the offense. It provided the jury with the complete picture of the assault of the complainant. Appellant has not shown a danger of unfair prejudice that substantially outweighed the probative value of the evidence. We conclude that the trial court did not abuse its discretion in allowing this testimony to be admitted into evidence.

We overrule appellant's first point of error.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP. P. 47, and is thus ordered not published.

The judgment is affirmed.