Jacinto Solis v. SOT



NUMBER 13-99-564-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


JACINTO SOLIS, II, Appellant,


v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________
On appeal from the 130th District Court of Matagorda County, Texas.

____________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Yañez, and Chavez (1)

Opinion by Justice Hinojosa


Appellant, Jacinto Solis, II, pleaded guilty to the offense of delivery of a controlled substance, and a jury assessed his
punishment at fifty years imprisonment and a $10,000 fine. By three points of error, appellant complains the trial court
erred in allowing the jury to hear evidence of an extraneous offense during the punishment phase of the trial and that he
received ineffective assistance of counsel. We affirm.

A. Background and Procedural History


On September 1, 1998, appellant sold cocaine to a confidential informant of the Matagorda County Sheriff's Department.
The transaction occurred at the Baywood Square Apartments in Bay City, which are within 1,000 feet of a playground. The
sale of the cocaine was videotaped. At trial, appellant pleaded guilty to the offense of delivery of a controlled substance
and asked the jury to assess his punishment.

B. Sufficiency of the Evidence


By his first and second points of error, appellant complains the trial court erred in allowing the jury to hear evidence during
the punishment phase of the trial of an alleged extraneous offense not proven beyond a reasonable doubt. He contends the
trial court abused its discretion in admitting evidence of the extraneous drug transaction because (1) the State did not offer
sufficient evidence to show appellant committed the offense and (2) Paula Vela's testimony was clearly prejudicial in that it
could be calculated to make a jury less sympathetic to appellant.

At trial, the State called Officers Troi Johnson, Richard Morales, and Joey Galloway to testify about the extraneous offense
in question. The extraneous offense was the result of a traffic stop. Appellant was the front-seat passenger in his car,
which was being driven by Richard Rodriguez and was stopped by Officer Johnson for speeding. When he approached the
vehicle, Johnson detected an odor of marijuana emitting from the car. Johnson asked Rodriguez to step out from the
vehicle, and as Rodriguez "approached the driver's side rear-corner-trunk area, [he] dropped a white powder-like substance
from his pocket." The substance was cocaine, and it was introduced by the State as Exhibit No. 25. Johnson testified that
Rodriguez was "the sole occupant [sic] of the cocaine." Galloway, a narcotics investigator, transported the cocaine to the
Department of Public Safety's lab in Houston to have it examined. Morales, a narcotics officer, testified that he transported
the cocaine in a manila envelope, Exhibit No. 26, from the D.P.S. lab to the Matagorda County Sheriff's Department.

Appellant's counsel objected to the introduction of Exhibit Nos. 25 and 26 on the basis of relevancy. The trial court
sustained the objection, excluded the evidence, and struck the testimony presented to the jury by Johnson, Morales, and
Galloway with reference to Exhibit Nos. 25 and 26. The court, however, denied appellant's motion for a mistrial.

Then, outside the presence of the jury, Paula Vela, appellant's former girlfriend and the mother of appellant's son, testified
that appellant told her about an hour after the traffic stop, "[the police] had pulled them over; and he had passed his shit to
Richard, which was dope," and that appellant had said it was his dope. Appellant's counsel objected to Vela's testimony on
the ground that "she has a motive - I don't believe that she's telling the truth. She has a motive to lie." The court overruled
the objection and allowed Vela to testify before the jury. Before the jury, when questioned about the conversation she had
with appellant concerning the traffic stop, Vela testified:

He was all nervous and everything. I asked him what was going on. And he said they had pulled him over and he had
some dope with him and he passed the shit to Richard. And, I guess, they found it on Richard; and they took Richard to jail.



The State then asked the trial court to reconsider its ruling on Exhibit Nos. 25 and 26 and the testimony of Officers
Johnson, Morales, and Galloway. The court then admitted Exhibit Nos. 25 and 26 and the testimony of the officers.

For purposes of assessing punishment, the prosecution may offer evidence of any extraneous crime or bad act that is shown,
beyond a reasonable doubt, to have been (1) committed by the defendant, or (2) for which the defendant could be held
criminally responsible. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp. 2001). Prior crimes or bad acts are
introduced to provide additional information which the jury may use to determine what sentence the defendant should
receive. Fields v. State, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999). 

The trial court is the authority on the threshold issue of the admissibility of relevant evidence during the punishment phase
of the trial. Mitchell v. State, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). The trial court must first determine that the
evidence is relevant and that the jury could reasonably find beyond a reasonable doubt that the defendant committed the
extraneous offense. See Harrell v. State, 884 S.W.2d 154, 160-61 n. 14 (Tex. Crim. App. 1994). Evidence is relevant
when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more
probable or less probable than it would be without the evidence." Tex. R. Evid. 401. A trial court's actions as to the
admissibility of extraneous offense evidence is reviewed under an abuse of discretion standard. See Mitchell, 931 S.W.2d
at 953. A trial court abuses its discretion if by no reasonable perception of common experience it admits evidence that is
not relevant by any reasonable interpretation. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (opin. on
reh'g). Therefore, an appellate court should not disturb a trial court's decision to admit extraneous offense evidence at the
punishment stage of the trial as long as the ruling was at least within the zone of reasonable disagreement. Id.

The jury, as the exclusive judge of the facts, is to determine whether the State has proven the extraneous offense beyond a
reasonable doubt and should be so instructed by the trial court. Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim. App.
2000). (2) Once this requirement is met, the fact finder may use the evidence however it chooses in assessing punishment.
Mitchell, 931 S.W.2d at 954.

In addition to the testimony of the officers and Vela, Fernando Gonzales, the back-seat passenger in the car, testified that
just before the car was stopped by the police, "I just seen [appellant], like, reach his hand over to [Rodriguez]; and that was
it, sir." When considering this testimony, coupled with Vela's testimony and the exhibits, we cannot say that it was an
abuse of discretion for the trial court to find the evidence of the extraneous offense relevant.

Appellant further contends Vela's testimony was clearly prejudicial because she "was a woman scorned by appellant . . .
who had one thing on her mind - revenge." Admissibility of punishment-phase evidence that the trial court deems relevant
is subject to a Rule 403 analysis. Henderson v. State, 29 S.W.3d 616, 626 n. 11 (Tex. App.-Houston [1st Dist.] 2000, no
pet.) (citing Meadows v. State, 998 S.W.2d 318, 322 (Tex. App.-Houston [1st Dist.] 1999, pet. ref'd)). That is, if the
probative value of evidence is substantially outweighed by the prejudicial effect, by the possibility of confusing or
misleading the jury, or by the possibility of delay or cumulation, then the evidence should be excluded by the trial court.
Tex. R. Evid. 403; Montgomery, 810 S.W.2d at 389-90.

There is a presumption that relevant evidence is more probative than prejudicial. Brimage v. State, 918 S.W.2d 466, 505
(Tex. Crim. App. 1994); Montgomery, 810 S.W.2d at 388. Moreover, the danger of unfair prejudice must substantially
outweigh the probative value of the evidence to render relevant evidence inadmissible under Rule 403. Cohn v. State, 849
S.W.2d 817, 820 (Tex. Crim. App. 1993). "Unfair prejudice" does not mean that the evidence injures the opponent's case.
Id. Rather, it refers to an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an
emotional one." Id. We cannot say that the probative value of Vela's testimony was substantially outweighed by the danger
of unfair prejudice. Thus, the trial court's ruling was not an abuse of discretion. Rogers v. State, 991 S.W.2d 263, 266-67
(Tex. Crim. App. 1999). 

Upon determining that Exhibit Nos. 25 and 26, the testimony of the officers, and the testimony of Vela were relevant and
admissible, the trial court properly instructed the jury to consider the extraneous bad acts only if it found that they were
proven beyond a reasonable doubt. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp. 2001); Mitchell, 931
S.W.2d at 953-54. 

Appellant's first and second points of error are overruled.

C. Ineffective Assistance of Counsel


Appellant contends that he received ineffective assistance of counsel because his trial counsel allowed him to plead guilty
to the offense of delivering narcotics within a drug-free zone when there was insufficient evidence that the playground
facility met the requirements of a drug-free zone playground. (3)

Claims of ineffective assistance are analyzed under the rule set forth in Strickland v. Washington, 466 U.S. 668 (1984), and
adopted by the Texas courts in Hernandez v. State, 726 S.W.2d 53, 56 (Tex. Crim. App. 1986). The Strickland standard
applies to ineffective assistance of counsel at both the guilt-innocence and punishment phases of the proceedings.
Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999). The Strickland test is the benchmark for judging whether
counsel's conduct has so undermined the proper functioning of the adversarial process that the trial cannot be relied on as
having produced a reliable result. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing McFarland v.
State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992)). The appellant must first show that trial counsel's performance was
not reasonably effective, falling below an objective standard of reasonableness under the prevailing professional norms.
Strickland, 466 U.S. at 694; Thompson, 9 S.W.3d at 812-13. A showing of deficiency requires a demonstration that trial
counsel made errors so serious that he was not functioning as the counsel guaranteed a defendant under the Sixth
Amendment. Strickland, 466 U.S. at 687. We must presume that counsel is better positioned than the appellate court to
judge the pragmatism of the particular case, and that counsel made all significant decisions in the exercise of reasonable
professional judgment. Young v. State, 991 S.W.2d 835, 837 (Tex. Crim. App. 1999); Delrio v. State, 840 S.W.2d 443,
447 (Tex. Crim. App. 1992). There is also a strong presumption that trial counsel's conduct was reasonable and constitutes
sound trial strategy. Strickland, 466 U.S. at 689; McFarland, 845 S.W.2d at 843. The "reasonably effective assistance"
standard does not mean errorless counsel. Ex parte Felton, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991); Hernandez v.
State, 799 S.W.2d 507, 508 (Tex. App.-Corpus Christi 1991, pet. ref'd). 

If the appellant can demonstrate deficient assistance under the first part of the Strickland test, he must then show that there
is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been
different. Strickland, 466 U.S. at 694; Thompson, 9 S.W.3d at 812; Washington v. State, 771 S.W.2d 537, 545 (Tex. Crim.
App. 1989). "A reasonable probability" means "a probability sufficient to undermine confidence in the outcome."
Strickland, 466 U.S. at 694; Thompson, 9 S.W.3d at 812; Ex parte Walker, 777 S.W.2d 427, 430 (Tex. Crim. App. 1989).
The prejudice element requires a showing that trial counsel's errors were so serious as to deprive the defendant of a fair trial
- one whose result is reliable. Strickland, 466 U.S. at 687. The totality of the representation is evaluated from counsel's
perspective at trial, not his isolated acts or omissions in hindsight. Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim.
App. 1990); Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). 

The assessment of whether a defendant received effective assistance of counsel must be made according to the facts of each
case. Ex parte Scott, 581 S.W.2d 181, 182 (Tex. Crim. App. 1979); Stone v. State, 17 S.W.3d 348, 350 (Tex. App.-Corpus
Christi 2000, pet. ref'd). The appellant must prove his claim of ineffective assistance of counsel by a preponderance of the
evidence. Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). Furthermore, he must show ineffective
assistance firmly rooted in the record. Jackson v. State, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994). We may not
speculate as to the reasons behind trial counsel's actions nor should we try to second guess trial counsel's tactical decisions
which do not fall below the objective standard of reasonableness. Young, 991 S.W.2d at 837-38; Solis v. State, 792 S.W.2d
95, 100 (Tex. Crim. App. 1990); Stone, 17 S.W.3d at 350.

There was a timely motion for new trial filed in this case. However, the motion did not assert ineffective assistance of
counsel as grounds for granting a new trial, rather it simply stated "the verdict in this case is contrary to the law and the
evidence." We find nothing in the record showing the trial court held a hearing to consider the motion, but the record
reflects the trial court denied the motion. The record contains no evidence of what trial counsel's trial strategy might have
been.

We cannot "second-guess trial counsel's tactical decisions which do not fall below the objective standard of
reasonableness." Young, 991 S.W.2d at 837-38. All we can do is determine from the record before us if the complained-of
actions "fall below the objective standard of reasonableness." Id. 

According to the record, the trial court admonished appellant that there was a drug-free-zone enhancement to the charge of
delivery of a controlled substance. In his judicial confession, appellant stipulated that "the location at which [he] delivered
the above-described crack cocaine was within 1000 feet of a playground facility located at Baywood Square Apartments,
1700 Baywood Drive, Bay City, Matagorda County, Texas, as alleged in the indictment in this case." The record before us
is silent as to why appellant decided to plead guilty and to stipulate that the offense occurred in a drug-free zone. It is also
silent as to his contention that "counsel [did not] instruct [him] about the requirements for a playground to be identified as a
drug-free zone playground."

Based on the record before us, we cannot say that appellant received ineffective assistance of counsel at trial. Appellant's
third point of error is overruled.

The judgment of the trial court is affirmed. 



FEDERICO G. HINOJOSA

Justice



Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this 

the 14th day of June, 2001.

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. There is no requirement that a reasonable doubt definition be given at the punishment phase, absent a request. See
Huizar v. State, 12 S.W.3d at 481 (clarifying Fields v. State, 1 S.W.3d 687 (Tex. Crim. App. 1999)); see also Paulson v.
State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000) ("the better practice is to give no definition of reasonable doubt at all to
the jury").

3. When describing a drug-free zone, a "playground" means any outdoor facility that is not on the premises of a school and
that:

 


 is intended for recreation;


 


 is open to the public; and


 


 contains three or more separate apparatus intended for the recreation of children, such as slides, swing sets, and
teeterboards.




See Tex. Health & Safety Code Ann. § 481.134 (a)(3) (Vernon Supp. 2001).