**Weldon Lee MASSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–00031–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 18, 1996.

John E. Crow, Pasadena, Winston E. Cochran, Houston, for Appellant.

Michael J. Guarino, Denise V. Wilkerson, Galveston, for Appellee.

Before HUTSON–DUNN, O'CONNOR and TAFT, JJ.

## OPINION

TAFT, Justice.

After a jury trial, appellant, Weldon Lee Massey, was convicted of aggravated sexual

assault of his 13–year–old stepdaughter. The jury assessed punishment at 10–years community supervision and a $7500 fine. We address appellant's challenges to: (1) the indictment for omitting an allegation that appellant knew the victim was under 14 years of age; (2) denial of challenge to a prospective juror for cause; and (3) the trial court's admission of extraneous offenses by appellant as reported by the victim to her physician. We affirm.

### Facts

In September of 1993, appellant's stepdaughter (the victim) told three of her friends she was contemplating suicide. On September 10, 1993, the victim was crying all day at school because she was afraid her friends would tell the school counselor who would then call her mother. True to her fears, the victim's friends told the school counselor, Mr. Laxton, the things she had told them. Mr. Laxton called the victim to his office, but she denied having told her friends those things. Mr. Laxton called the victim's mother and told her the victim was very upset about something.

When the victim got home that day, her mother asked her what was wrong. The victim refused to tell her mother until appellant left the house. After appellant departed for night school, the victim told her mother appellant had molested her. When the victim and her mother later confronted appellant, he denied the allegations. The incident the victim reported was an occasion when appellant had put his fingers inside her vagina when she was 13 years old.

### Allegation of Knowledge of Child–Victim's Age

■ In points of error one and two, appellant contends the indictment did not allege a culpable mental state as to all elements of the charged offense in violation of his due process rights under both the state and federal constitutions.[1] Specifically, appellant contends the indictment was defective because it did not allege he knew the victim was under 14 years of age.

The indictment alleged appellant "did then and there intentionally and knowingly cause penetration of the female sexual organ of a child ... by the said WELDON LEE MASSEY then and there using his finger, and the said [child] was younger than fourteen (14) years of age." "Child" is defined as "a person younger than 17 years of age who is not the spouse of the actor." Tex. Penal Code Ann. §§ 22.011(c)(1), 22.021(b) (Vernon 1994). Appellant acknowledges he did not challenge the indictment by motion to quash ruled on prior to the date of trial.

■ To raise an objection on appeal to a defect, error, or irregularity of form or substance in an indictment, a defendant must have made the objection prior to the date on which the trial on the merits commenced. Tex.Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp.1996); *Lemell v. State,* 915 S.W.2d 486, 489 (Tex.Crim.App.1995).

Appellant argues that an exception to the application of article 1.14(b) applies here because the federal and state constitutional guarantees of due process require that an indictment allege all of the elements of a crime. In support of his argument that the offense here includes an additional element of knowledge of the victim's age as under 14, appellant relies on *United States v. X–Citement Video, Inc.,* —— U.S. ——, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994).

In *X–Citement Video,* an undercover police officer ordered and received a number of pornographic videotapes from X–Citement Video, Inc., starring Traci Lords, an underage actress. *Id.* at ——, 115 S.Ct. at 466. The company and its president were indicted under a federal statute that criminalized the knowing receipt or transportation of a visual depiction of a minor engaged in sexually explicit conduct. *Id.* at —— – ——, 115 S.Ct. at 466–67. The Supreme Court held that the term "knowingly" as it was used in the statute modified the phrase "the use of a minor," and required not only an intentional or knowing distribution of the pornographic material, but also knowledge that the performer depicted therein was under the age of 18. *Id.* at ——, 115 S.Ct. at 469.

---

**1.** U.S. Const.Amend. XIV; Tex. Const. Art. I, sec. 19.

As appellant argues, a central part of the Supreme Court's rationale was the necessity for application of a culpable mental state in the absence of which otherwise innocent activity would be criminalized. In *X–Citement Video*, there would have been no criminal offense if Traci Lords had not been a minor, because it is not an offense to traffic in visual depiction of adults engaging in sexually explicit conduct. The State responds that the element in question here (under the age of 14) is not what makes the conduct criminal. The State points out that it is a second degree felony to intentionally and knowingly cause the penetration of the female sexual organ of a child, where child is defined as under the age of 17. TEX. PENAL CODE ANN. §§ 22.011(a)(2)(A), (f) (Vernon 1994). Thus, the element in question here, *i.e.*, under the age of 14, is an aggravating element that raises the punishment range to that of a first degree felony. An additional allegation of culpable mental state is not required for such an aggravating element. *X–Citement Video*, —— U.S. at —— n. 3, 115 S.Ct. at 469 n. 3.[2]

Appellant relies upon the argument, under both his federal and state constitutional challenges, that appellant's conduct was otherwise innocent, but for the complainant's age. We note there were two allegations of age in the indictment in this case: (1) appellant was alleged to have intentionally and knowingly penetrated the female sexual organ of a child (which is defined as under 17); and (2) the child was alleged to have been younger than 14. Culpable mental states were alleged in regard to the first allegation of age, thereby satisfying the requirement of *X–Citement Video*.

We hold that, in regard to allegation of the aggravating factor (age under 14), the State was not required to allege an additional cul-

pable mental state. Therefore, no element was omitted and no constitutional deprivation of due process occurred. This answers appellant's arguments regarding both preservation and the merits, on both federal and state constitutional grounds.

Accordingly, we overrule points of error one and two.

### Denial of Challenge of Prospective Juror for Cause

■ In point of error three, appellant contends the trial court erred by denying his motion to challenge a prospective juror for cause. Appellant argues that prospective juror Weatherford had a bias against the law because he vacillated on his ability to acquit a defendant who was shown to have committed an offense by a different manner and means than that alleged in the indictment. At one point he indicated he would nonetheless find the defendant guilty, but later said he believed he could follow the court's instructions.

In *Brown v. State*, 913 S.W.2d 577, 580 (Tex.Crim.App.1996), the Court of Criminal Appeals stated:

[N]othing is left to the discretion of the trial court when the venireperson is unequivocal as to their ability to follow the law. If they testify unequivocally that they can follow the law despite personal prejudices, the trial court abuses its discretion in allowing a challenge for cause on that basis. Likewise, if they testify unequivocally that they cannot follow the law due to their personal biases, the trial court abuses its discretion in failing to grant a challenge for cause on that basis. However, when the venireperson vacillates or equivocates on their ability to follow the

---

**2.** Footnote three from *X–Citement Video* explains the rationale for not requiring the allegation of an additional culpable mental state for aggravating elements ("jurisdictional facts" that enhance an offense):

> In this regard, age of minority is not a 'jurisdictional fact' that enhances an offense otherwise committed with an evil intent. See, *e.g.*, *United States v. Feola*, 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975). There, the Court did not require knowledge of 'jurisdictional facts'—that the target of an assault was a fed-

eral officer. Criminal intent serves to separate those who understand the wrongful nature of their act from those who do not, but does not require knowledge of the precise consequences that may flow from that act once aware that the act is wrongful. *Id.* at 685, 95 S.Ct. at 1264. Cf., *Hamling v. United States*, 418 U.S. 87, 120, 94 S.Ct. 2887, 2909, 41 L.Ed.2d 590 (1974) (knowledge that the materials at issue are legally obscene not required).

*X–Citement Video*, —— U.S. at —— n. 3, 115 S.Ct. at 469 n. 3.

law, the reviewing court must defer to the trial court's judgment.

*Id.* (quoting *Riley v. State,* 889 S.W.2d 290, 300 (Tex.Crim.App.1993)).

In *Brown,* the prospective juror indicated that she could follow the court's instructions if she had to. 913 S.W.2d at 579. However, at other times she stated she did not know if she could put her personal biases aside. *Id.* The court of appeals reversed because after reviewing the witnesses testimony as a whole, it concluded she had a bias or prejudice against the law. *Id.* at 579–80. The Court of Criminal Appeals reversed, holding that the court of appeals erred by failing to defer to the trial court's determination that a vacillating juror could follow the law. *Id.* at 581.

Because Mr. Weatherford vacillated or equivocated on his ability to follow the law, we must defer to the trial court's ruling.

We overrule point of error three.

### Admission of Extraneous Offenses

In point of error four, appellant contends the trial court erred by allowing a physician to testify about the victim's report of extraneous offenses. Appellant argues that by referring to the complainant's statements about oral and anal sex, Dr. Rebecca Risinger's testimony placed two extraneous offenses before the jury.

When a party attempts to adduce evidence of "other crime, wrongs or acts," the opponent of that evidence must make a timely objection. *Montgomery v. State,* 810 S.W.2d 372, 387 (Tex.Crim.App.1990). The opponent should object that such evidence is inadmissible under Tex.R.Crim. Evid. 404(b).[3] However, an objection that the evidence is not relevant or is an extraneous offense ought ordinarily to be sufficient under the circumstances to apprise the trial court of the complaint. *Montgomery,* 810 S.W.2d at 387. Once the complaint is lodged, it is incumbent upon the proponent of the evidence to show that the evidence has relevance apart from its tendency to prove the defendant acted in conformity with his character. *Id.* The trial court should honor any request by the opponent of the evidence for articulation into the record of the purpose for which evidence is either offered by the proponent or admitted by the court. *Id.*

If the trial court determines the evidence has no relevance apart from character conformity, then the evidence is inadmissible. *Montgomery,* 810 S.W.2d at 387. However, the proponent of the evidence may convince the court the evidence is relevant to establish some elemental fact, such as identity or intent; that it tends to establish some evidentiary fact, such as motive, opportunity or preparation, leading inferentially to an elemental fact; or that it rebuts a defensive theory. *Id.* at 387–88.

Once the trial court rules that the evidence has relevance apart from character conformity, the opponent should further object, under Tex.R.Crim. Evid. 403,[4] that the probative value of the evidence is outweighed by its prejudicial effect. *Montgomery,* 810 S.W.2d at 388. Factors the court should consider are the inherent probativeness of the evidence, the potential of the evidence to impress the jury in some irrational, but indelible way, how much trial time is necessary to develop the evidence, and the need for the extraneous transaction. *Id.* at 389–90.

In this case, appellant first argued that Dr. Risinger's testimony about what the complainant had told her was hear-

---

3. Tex.R.Crim. Evid. 404(b) provides:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such evidence other than that arising in the same transaction.

4. Tex.R.Crim. Evid. 403 provides:
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

say. The State responded that the complainant's out-of-court statements to Dr. Risinger were admissible under TEX.R.CRIM. EVID. 803(4) as statements made for purposes of medical treatment. However, when Dr. Risinger testified about the complainant's statements regarding oral and anal sex, appellant objected that the testimony was "getting into extraneous offenses." This was a sufficient objection under rule 404(b). *Montgomery,* 810 S.W.2d at 387.

The State argued the evidence was relevant to show the complainant's medical history. The trial court apparently agreed and overruled appellant's 404(b) objection. On appeal, the State has changed its argument to admissibility to show motive, citing *Brown v. State,* 657 S.W.2d 117 (Tex.Crim.App. 1983). This argument was rejected in *Pavlacka v. State,* 892 S.W.2d 897 (Tex.Crim. App.1994) (where it appears only in the dissenting opinion). Appellant argues the trial court also erred by refusing to balance the prejudicial nature of the evidence against its probative value after ruling that the evidence was relevant to an issue other than character.

After the trial court overruled appellant's objection to the extraneous offense, appellant objected that the evidence was nonetheless inadmissible under rule 403 because its probative value was outweighed by its prejudicial nature and requested the trial court to conduct a balancing test. The trial court overruled the objection and refused to balance the probative value of the evidence against the risk of prejudice, apparently believing that no such test was required because the testimony was an exception to the hearsay rule. A trial court has no discretion to refuse a request to conduct a rule 403 balancing of probativeness versus prejudice in deciding whether to exclude evidence of misconduct in spite of its admissibility under rule 404(b). *Montgomery,* 810 S.W.2d at 390. Therefore, we hold that the trial court erred by admitting Dr. Risinger's testimony about inadmissible extraneous offenses without conducting a balancing test under rule 403 as requested by appellant.[5]

 A finding of error mandates reversal, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. TEX.R.APP. P. 81(b)(2); *Orona v. State,* 791 S.W.2d 125, 130 (Tex. Crim.App.1990). In making this analysis, we must focus on the following factors: (1) the source of the error; (2) the nature of the error; (3) whether or to what extent it was emphasized by the State; (4) the error's probable collateral implications; (5) how much weight a juror would probably place on the error; and (6) whether declaring the error harmless would encourage the State to repeat it with impunity. *Harris v. State,* 790 S.W.2d 568, 587 (Tex.Crim.App.1989).

 In this case, the error was twofold: (1) the admission of extraneous offenses on the basis of their inclusion in a medical history; and (2) the trial court's refusal to conduct a balancing test under rule 403. The sources of the errors were: (1) the State's proffer of the evidence and the trial court's acceptance of it as admissible because it was a part of the medical history; and (2) the trial court's refusal to perform the balancing test required by *Montgomery.* The nature of the errors was to present offenses, other than the charged offense, to the jury. The extraneous offenses were not emphasized by the State. The collateral implications include the risk that the jury would convict appellant based on the evidence of oral and anal sexual abuse, rather than the fondling incident that was the basis of the indictment. It is possible that the jury could have placed greater weight on a pattern of sexual abuse rather than an isolated incident. However, the record shows that the trial court allowed the State to present evidence of other fondling incidents, but excluded the complainant's allegations of anal and oral sex because they

---

5. We note that the trial court did conduct a balancing test when the State attempted to have the complainant testify on rebuttal about the incidents of oral and anal sexual abuse, and concluded that the prejudicial value of the evidence was greater than the probative value. For this reason, he only allowed the complainant to testify about other incidents of fondling. This ruling was made after he had allowed Dr. Risinger to testify about the same extraneous offenses without conducting a balancing test.

were not similar to the charged offense. Because the jury was allowed to hear evidence showing a pattern of abuse, the collateral implications of presenting two additional extraneous acts is somewhat lessened.

Declaring the error harmless in this case will not encourage the State (or the trial court) to repeat the error with impunity because the legislature has provided that this type of evidence is now admissible.[6] TEX.CODE CRIM. PROC. ANN. art. 38.37 (Vernon Supp.1996) provides in part:

> Sec. 1. This article applies to a proceeding in the prosecution of the defendant for an offense under the following provisions of the Penal Code, if committed against a child under 17 years of age.
>
> (1) Chapter 21 (Sexual Offenses);
>
> (2) Chapter 22 (Assaultive Offenses);
>
> (3) Section 25.02 (Prohibited Sexual Conduct);
>
> (4) Section 43.25 (Sexual Performance by a Child); or
>
> (5) an attempt or conspiracy to commit an offense listed in this section.
>
> Sec. 2. Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> (1) the state of mind of the defendant and the child; and
>
> (2) the previous and subsequent relationship between the defendant and the child.

The enacting legislation provided that the section "applies to any criminal proceeding that commences on or after the effective date of this Act, regardless of whether the offense that is the subject of the proceeding was committed before, on, or after the effective date of this Act." If we were to reverse appellant's conviction and remand for a new trial, the extraneous offense evidence would be admissible. *See Medrano v. State*, 768 S.W.2d 502, 504 (Tex. App.—El Paso 1989, pet. ref'd) (testimony

inadmissible at original trial was admissible at retrial due to change in rules of evidence regarding husband-wife privilege). We recognize that a change in the laws of admissibility of evidence does not automatically render the error harmless. *See Willard v. State*, 719 S.W.2d 595, 601 (Tex.Crim.App. 1986) (noting that change in rules of admissibility since trial, allowing admission of evidence on retrial, does not call for affirmance of conviction). However, we believe that a change in the law is properly considered when analyzing the sixth factor set forth in *Harris*.

After balancing the *Harris* factors, we believe the error was harmless beyond a reasonable doubt and overrule point of error four.

We affirm the judgment.

---

**6.** *See Gann v. State*, 818 S.W.2d 69, 71 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd) (on claim of ineffective assistance of counsel, change in the law rendered counsel's errors moot).