Opinion issued May 10, 2007















In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00042-CR

 __________


S. A. DORIS WASHINGTON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1006666






MEMORANDUM OPINION

 A jury found appellant, S. A. Doris Washington, guilty of the felony offense
of aggravated robbery and assessed punishment at 55 years in prison. See Tex. Pen.
Code Ann. § 29.03 (Vernon 2003). In two points of error, appellant contends that
the trial court abused its discretion by admitting evidence of an extraneous offense
at the guilt-innocence stage of trial when (1) it was not admissible as either "same
transaction contextual evidence" or "background contextual evidence" and (2) its
potential for unfair prejudice outweighed any probative value. 

 We affirm.

Background


 Appellant's girlfriend, Sharetta Burleson, testified that, on October 28, 2004,
she and appellant were at a grocery store when appellant asked her to approach a
stranger, Earl Bailey, and ask him for a ride to LBJ Hospital. Bailey agreed, and
Burleson sat in the front seat while appellant sat behind Bailey in the back. Burleson
testified that appellant pulled out a knife and "cut" Bailey while she removed his
wallet. Appellant kicked Bailey out of the van, Burleson slid over to the driver's seat,
and they drove off. Burleson testified that appellant later rented the van to a "dope
dealer that he knew" in exchange for "dope." She testified that "the dope was given
to [appellant], but we both smoked."

 Houston Police Officer Craig Shelton testified that he was called to a gas
station on a "prostitution call." When he arrived, he saw a minivan that looked out
of place among the 18-wheelers parked in the back. He found appellant asleep in the
passenger seat of the van. Shelton asked who owned the van, and appellant said that
it was his girlfriend's who was "out in the parking lot turning tricks with the truck
drivers." Shelton found Burleson in another car, and both appellant and Burleson
were arrested.

 Bailey positively identified Burleson in a photo spread and identified appellant
in a live lineup, and stated that he was 95 percent certain that appellant was his
assailant. 

Improperly Admitted Evidence


 In two points of error, appellant contends that the trial court abused its
discretion by admitting evidence of an extraneous offense at the guilt-innocence stage
of trial when (1) it was not admissible as either "same transaction contextual
evidence" or "background contextual evidence" and (2) its potential for unfair
prejudice outweighed any probative value. Specifically, appellant complains of the
following testimony from Sharetta Burleson that she and appellant obtained and
smoked crack cocaine in exchange for the use of the stolen van.

 Q. Now, you stated that y'all rented the van out to Ricky Wynn,
correct?


 A. Yes, sir. He gave us dope for it.


 Q. And who's us?


 A. Me and [appellant].


 Defense counsel: Objection, not material or relevant.


 State: I believe he made it relevant, Your Honor, when he was talking
about him coming from better circumstances than she does.


 Defense counsel: I don't believe that I did. I said different or better
circumstances, but not than she.


 The Court: Your objection is overruled.


 Q. So it was - - 


 Defense counsel: We would ask the Court to do a balancing test as per
4403 (b) [sic] as to the materiality of overruling the prejudicial impact
of the statement.


 The Court: Overruled.


 Q. The van was rented out for dope, and the dope was given to the
both of you?


 A. The dope was given to [appellant], but we both smoked.


 Q. But you rented it out for dope?


 A. No, he did. He rented it.


Extraneous Offense

 In point of error one, appellant contends that the trial court abused its discretion
by admitting evidence of an extraneous offense at the guilt-innocence stage of trial
when it was not admissible as either "same transaction contextual evidence" or
"background contextual evidence"

 To preserve an issue for appeal, a party must timely object, stating the specific
legal basis. Tex. R. App. P. 33.1(a)(1); Rhoades v. State, 934 S.W.2d 113, 127 (Tex.
Crim. App. 1996). "To be timely, an objection must be raised at the earliest
opportunity or as soon as the ground of objection becomes apparent." Penry v. State,
903 S.W.2d 715, 763 (Tex. Crim. App. 1995). An objection stating one legal theory
may not be used to support a different legal theory on appeal. See Medina v. State,
7 S.W.3d 633, 643 (Tex. Crim. App. 1999) (holding appellant's relevancy objection
at trial did not preserve error concerning Rule 404 extraneous offense claim);
Camacho v. State, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993) (holding appellant's
hearsay and relevancy objections did not address correct evidentiary basis for
exclusion of extraneous offense testimony). The issue raised on appeal should
comport with the objection made at trial, and the trial judge should have an
opportunity to rule on the issue--otherwise nothing is presented for appellate review. 
Johnson v. State, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990) (holding appellant
failed to make proper objection at trial regarding admission of extraneous offense
evidence), overruled on other grounds, Heitman v. State, 815 S.W.2d 681, 690 (Tex.
Crim. App. 1991). However, "where the correct ground of exclusion [i]s obvious to
the judge and opposing counsel, no waiver results from a general or imprecise
objection." Zillender v. State, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977); see
Massey v. State, 933 S.W.2d 582, 586-87 (Tex. App.--Houston [1st Dist.] 1996, no
pet.) (holding appellant's objection that testimony was "getting into extraneous
offenses" was sufficient objection under Rule 404(b)).

 Here, after Burleson testified that she and appellant rented the van for "dope,"
appellant's trial counsel objected as to relevancy. His trial counsel, however, never
objected that the testimony should be excluded as extraneous offense evidence under
Rule 404(b). Nothing in the record indicates that the correct ground of exclusion was
obvious to the trial judge or opposing counsel. As in Camacho and Johnson, the
proper legal basis for appellant's trial objection "should have been that the evidence
was offered to prove an extraneous uncharged offense not within the permissible
scope of Rule 404(b) and was offered to show that appellant was a criminal
generally." Camacho, 864 S.W.2d at 533 (citing Johnson, 803 S.W.2d at 292). 
Because appellant's objection did not address the correct evidentiary basis for
exclusion, which in turn did not afford the trial judge an opportunity to rule on the
issue, this argument has not been preserved for appeal. Accordingly, we hold that the
objection made by appellant's trial counsel was insufficient to preserve error for
appellate review.

 We overrule point of error one.


Unduly Prejudicial

 In point of error two, appellant argues that the trial court abused its discretion
by admitting evidence of an extraneous offense at the guilt-innocence stage of trial
when its potential for unfair prejudice outweighed any probative value. See Tex. R.
Evid. 403.

 The admission or exclusion of evidence is a matter within the discretion of the
trial court. Montgomery v. State, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1992). 
Absent an abuse of discretion, we do not disturb a trial court's ruling on the
admissibility of evidence. As long as the trial court's ruling was "within the zone of
reasonable disagreement," there is no abuse of discretion, and we must uphold the
trial court's ruling. Id. at 391. Evidence of other crimes, wrongs, or acts is not
admissible to prove the character of a person in order to show he acted in conformity
with that character. Tex. R. Evid. 404(b). Nevertheless, such evidence may be
admissible for other purposes, such as proof of motive, intent, plan, knowledge, or
absence of mistake or accident. See id. On proper objection, once the trial court
decides the evidence is relevant and falls within a permissible exception under Rule
404(b), the trial court must decide if its probative value is substantially outweighed
by the danger of unfair prejudice under Rule 403. See Tex. R. Evid. 403;
Montgomery, 810 S.W.2d at 387. A presumption exists that favors the evidence's
probative value. Id. at 389. 

 Courts should consider the following factors under a Rule 403 analysis: (1) the
strength of the extraneous offense evidence to make a fact or consequence more or
less probable, (2) the potential of the extraneous offense to impress the jury in some
irrational but indelible way, (3) the time during trial that the State requires to develop
evidence of the extraneous misconduct, and (4) the need by the State for the
extraneous evidence. Wheeler v. State, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002);
Dennis v. State, 178 S.W.3d 172, 180 (Tex. App.--Houston [1st Dist.] 2005, pet.
ref'd).

 Here, evidence that appellant stole Bailey's van and traded it for crack cocaine
serves to make the "fact or consequence" that appellant committed the aggravated
robbery more probable by providing a possible motive. The extraneous offense
testimony was brief, and the State did not emphasize the exchange for drugs;
therefore, the introduction of the evidence did not impress upon the jury in some
irrational but indelible way. Finally, Burleson's testimony was the only evidence that
addressed appellant's motive for the aggravated robbery, thus making the evidence
necessary for the State. Consequently, we hold that the trial court did not abuse its
discretion in admitting this extraneous offense evidence.

 We overrule point of error two.


Conclusion


 We affirm the trial court's judgment.


 George C. Hanks, Jr.

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).