In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00934-CR

____________


BELZORA POLEDORE BIRHIRAY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law Number One

Fort Bend County, Texas

Trial Court Cause No. 120,845





MEMORANDUM OPINION


 

 Appellant, Belzora Poledore Birhiray, pleaded not guilty to misdemeanor
driving while intoxicated (DWI), and was found guilty by a jury. Pursuant to a
agreement entered into with the State after the guilt phase of the trial, the trial court
assessed punishment at 180 days' confinement, suspended for 12 months'
community supervision, a $600 fine, plus court costs, 40 hours of community
service, a $50 donation to the Fort Bend County Women's Shelter, and
participation in a victim-impact panel. (1) In three points of error, appellant contends
that the trial court erred by overruling appellant's objections to voir-dire
questioning by the prosecutor and by permitting peace officers to state their
opinions about whether appellant was intoxicated. We affirm.Factual Background

 While on patrol duty on November 6, 2005, DPS Trooper B. Chacon
stopped appellant for driving 68 miles per hour in a zone posted at 60 miles per
hour. Appellant and a companion had recently left a house-warming party when
Trooper Chacon noticed that appellant was speeding and had been driving with her
right blinker activated for an extended period of time. Chacon engaged his
emergency overhead lights, and appellant stopped her vehicle, although she was in
a moving lane of traffic. Trooper Chacon had to use his bullhorn three times
before appellant complied with his directions by driving to a nearby parking lot. 

 On approaching appellant, Trooper Chacon noticed a strong odor of alcohol
coming from her vehicle. Chacon described appellant's speech as slurred and said
her eyes were "red and glassy." When she was asked for her driver's license and
proof of insurance, appellant handed Trooper Chacon her mother's driver's license. 
Appellant initially denied making that mistake, but eventually realized her error. 
As she handed over her personal license, Trooper Chacon noticed the smell of
alcohol on appellant's breath, and he asked her to step out of her vehicle to perform
some field-sobriety tests. 

 Trooper Chacon recorded six out of six clues indicating intoxication when
appellant performed the horizontal gaze nystagmus test. He noticed additional
indicators of intoxication when he asked appellant to perform the walk-and-turn
and one-leg-stand tests. At one point during the testing, appellant fell to the
pavement. After conducting the field-sobriety tests, Trooper Chacon concluded
that appellant was intoxicated, having lost the normal use of her physical and
mental faculties due to alcohol introduced into her system, and he placed her under
arrest for DWI. Trooper Chacon requested a breath sample at that point, but
appellant refused to provide one. Appellant claimed she had consumed only one
beverage, consisting of champagne and juice, and had eaten hors d'oeuvres. A
videotape of the stop and the field-sobriety testing was introduced into evidence at
trial.

 Deputy T. Robinson of the Fort Bend Sheriff's Department noticed Trooper
Chacon's vehicle in the parking lot and stopped to assist and ensure the safety of
the officer and appellant. Deputy Robinson observed while appellant performed
the three field-sobriety tests and testified at trial that he believed she was
intoxicated. 

"Commitment" Questions

 Appellant's first and second issues challenge voir-dire questions and
statements by the prosecutor. Appellant contends that the prosecutor was
attempting to commit prospective jurors to a verdict based on a specific set of
facts, in violation of Standefer v. State, 59 S.W.3d 177, 183 (Tex. Crim. App.
2001). Standefer proscribes attempts by attorneys to obtain commitment by
potential jurors "to a verdict based on a hypothetical set of facts." Id. Appellant
complains of two portions of the prosecutor's voir dire. 

A. "Normal Use" as Objective Standard

 In her first point of error, appellant argues that questioning by the prosecutor
attempted to commit potential jurors to the proposition that a police officer need
not know, or be familiar with, what constitutes the "normal use" of a particular
defendant's mental and physical faculties in order to determine that the defendant,
whom the officer had never previously met, is intoxicated. Appellant complains of
the following portion of the State's voir-dire examination:

 PROSECUTOR I want to point out one big thing on this in this law. 
Not having the normal use. Let's say, an officer
is---pulled somebody over for driving while
intoxicated, and they give them some field sobriety
tests. The law says that they have to not have the
normal use. The officer has never met this person
before. Does the officer have to know what their
normal is? And I'm--before you answer, I'm
going to tell you the law says no. The officer
would only be able to arrest--


 DEFENSE COUNSEL: Your Honor, I'm going to object. This--that is an
inaccurate statement.

 

 PROSECUTOR: That is an accurate statement of the law, Judge.


 ...


(Emphasis added.) After a discussion with counsel at the bench, the trial court
overruled appellant's objection.

 Well-settled law recognizes that an appellant may not claim error on appeal
based on a trial objection premised on a different legal theory. E.g., Medina v.
State, 7 S.W.3d 633, 643 (Tex. Crim. App. 1999) (holding that relevancy objection
at trial did not preserve error concerning admissibility of extraneous offense). As
shown by the excerpt from the record, above, appellant objected at trial that the
prosecutor had misstated the law. On appeal, she argues that the prosecutor's
questioning violated Standefer--a contention that the trial court had no opportunity
to address. Because appellant's complaint on appeal differs from her trial
objection, appellant presents nothing for review. See Tex. R. App. P.
33.1(a)(1)(A); Heidelberg v. State, 144 S.W.3d 535, 538 (Tex. Crim. App. 2004); 
Bell v. State, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996); Rezac v. State, 782
S.W.2d 869, 870 (Tex. Crim. App. 1990). (2) 

 We overrule appellant's first point of error. 

B. "Normal Use" Hypotheticals

 In her second point of error, appellant contends that the prosecutor misstated
the law by suggesting that the State need show only that appellant lost a "little bit"
of her mental faculties. Appellant contends that the trial court erred because it did
not sustain her objection, and she directs us to the portion of the State's voir dire in
which the prosecutor was presenting hypotheticals involving consumption of
different amounts of alcoholic beverages, with resulting variances in degrees of
impairment. The following exchange occurred after the prosecutor hypothesized
that potential juror Kanyha had consumed "one and a half beers": 

 PROSECUTOR: If Mr. Kanyha has gotten [sic] behind the wheel,
he's had one and a half [beers], he's lost a little bit
of his mental faculties. Physical faculties, he's
fine. Has he broken the law?


 JUROR WELLS: At one half [sic], I'd have to say no.


 PROSECUTOR: Okay. I'm glad you said that because what I'm
going to point out is remember we talked about
what I said, he's lost some of his mental faculties.


 Appellant requested a bench conference at that point, which was not
reported, after which the trial court announced that it had sustained appellant's
objection. 

 PROSECUTOR: All right. I'm back. Let me say it like this. That
way he'll be happy. It's -- if he's lost a little bit of
the -- and it's -- he doesn't have the normal use --
okay -- is that clear? Okay. He's lost some, and
he doesn't have the normal use. Okay. Does that
make clear for everybody? I don't mean to
insinuate a tiny, tiny bit. (Emphasis added.) You
know, if he's lost the normal use -- okay -- is that
clear? Mr. Martinez, you're making a face like -


 JUROR MARTINEZ: I'm just thinking.


 PROSECUTOR: Okay.


 VENIREPERSON: So, making a real small point.


 PROSECUTOR: It's a very small point. It's very important to him.


At that point, appellant requested an additional bench conference, which follows: 

 DEFENSE COUNSEL: My objection is that the [p]rosecutor has misstated
the law to the jury. The law that . . . intoxication is
the loss of normal use. The [p]rosecutor has told
the jury or suggested strongly to the jury that it's --
it's -- the law is the loss of a little bit. She in my
opinion has not cleared it up. The jury continues
to be confused with what the law is, and my
motion is for the [court] to instruct the jury on
what the law is. 


 THE COURT: Right. And your response?


 PROSECUTOR: I think I cleared it up. It should be to the
satisfaction. [sic] I still maintain that the case law
indicates that it's any loss of mental and physical
faculties. If he wants a ruling on that instruction,
he wants an instruction to the jury on quote what
the law is, then we need to pull some law and
make sure before we give an instruction like that.


(Emphasis added.)


 At the conclusion of the bench conference and beyond the jury's hearing, the
trial court ruled, "the State has cleared it up; and jury instructions are not required. 
The prosecutor then continued her voir dire by returning to Juror Wells, the same
juror whose response prompted appellant's first objection. The prosecutor
repeated her hypothetical question to Juror Wells about a driver's having
consumed one and a half beers and then supplemented the question with variables
aimed at demonstrating that a fixed amount of alcohol might affect individuals
differently, depending on their tolerance. All of this subsequent questioning
proceeded without objection by appellant. 

 To preserve error for appeal, a defendant must (1) object, (2) state the
grounds with sufficient specificity, and (3) obtain an adverse ruling. Tex. R. App.
P. 33.1; see Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); Nethery
v. State, 692 S.W.2d 686, 701 (Tex. Crim. App. 1985); Zunker v. State, 177
S.W.3d 72, 78 (Tex. App.--Houston [1st Dist.] 2005, pet. ref'd). Failure to obtain
an adverse ruling waives error. See Zunker, 177 S.W.3d at 78. 

 In this case, appellant obtained a favorable ruling after the trial court
sustained her first objection, the basis of which is not revealed by the record. 
Appellant did not request that the venire be instructed to disregard the prosecutor's
comments, or that the panel be quashed and, therefore, did not pursue the trial
court's ruling to an adverse ruling. Appellant's having received the relief she
requested further supports her having waived error, if any, in the trial court's
ruling. Tex. R. App. P. 33.1; see Zunker, 177 S.W.3d at 78. Waiver occurs
regardless, as addressed in our disposition of appellant's first point of error, when,
as here, a defendant's trial objection presents one legal theory--that the prosecutor
"misstated" the law--and presents a different theory on appeal, in this case a
Standefer contention. See Tex. R. App. P. 33.1(a)(1)(A); Heidelberg, 144 S.W.3d
at 538. 

 Appellant's second objection was that the prosecutor had not "cleared up"
the distinction between loss of "normal use" and "loss of a little bit" of a
defendant's physical and mental faculties, and that the jury remained confused. 
The prosecutor replied that she thought she had "cleared it up." The trial court
agreed and ruled that jury instructions were not necessary. This ruling was adverse
to appellant, but nonetheless preserved no error. Immediately after the bench
conference, the prosecutor resumed questioning of Juror Wells, to whom the
prosecutor repeated her hypothetical about a driver's having consumed one and a
half beers, and then supplemented the question with additional variables presented
to Juror Wells to demonstrate that a fixed amount of alcohol might produce
varying degrees of incapacity with different individuals, depending on
tolerance--all without any objection by appellant. At the conclusion of that
questioning, Juror Wells replied, again without objection by appellant, "It all
depends on the person." 

 Waiver occurs when, as here, the defendant objects to the State's
hypothetical questions during voir dire, but does not object when the prosecutor
continues the voir dire by using similar explanations to question the venire. 
Montes v. State, 870 S.W.2d 643, 645-46 (Tex. App.--El Paso 1994, no pet.). By
not objecting when the prosecutor repeated to Juror Wells the original hypothetical
regarding impairment after one and a half beers, as clarified by the prosecutor's
statement that she did not "mean to insinuate a tiny, tiny bit," it appears from the
record that appellant acquiesced to the trial court's ruling that the prosecutor had
cleared up the distinction, despite her stated concerns regarding confusing the jury. 
See Cole v. State, 194 S.W.3d 538, 545 (Tex. App.--Houston [1st Dist.] 2006, pet.
ref'd); Montes, 870 S.W.2d at 645-46. By not continuing to object or to obtain a
running objection when the prosecutor continued, appellant further waived error, if
any, despite her overruled second objection. 

 We overrule appellant's second point of error.

Peace Officer's Testimony Regarding Intoxication


 In her third point of error, appellant contends that the trial court erred by
allowed Trooper Chacon and Deputy Robertson to state their opinions regarding
whether appellant was intoxicated because this "was an ultimate issue for the jury
to determine and a legal conclusion." (3) We review trial-court decisions to admit or
exclude evidence under an abuse-of-discretion standard, and we will not reverse a
trial court's ruling unless it falls outside the zone of reasonable disagreement. 
Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). 

 Settled law recognizes that opinion testimony that is otherwise admissible is
not objectionable solely because it embraces an ultimate issue to be decided by the
trier of fact. Tex. R. Evid. 704; Ex Parte Nailor, 149 S.W.3d 125, 134 (Tex. Crim.
App. 2004) (describing officer's testimony that victim had not been attacked);
Solomon v. State, 49 S.W.3d 356, 364 (Tex. Crim. App. 2001) (holding that lay
witness properly offered opinion regarding defendant's criminal responsibility). 
Appellant limits her challenge to both peace officers' testimony to the erroneous
contention that the officers could not testify on the dispositive issue in her trial,
specifically, whether she was intoxicated while driving. 

 Accordingly, we overrule appellant's third point of error.

Conclusion


 We affirm the judgment of the trial court.


 


 Sherry Radack


 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.


Do not publish. Tex. R. App. P. 47.2(b). 


1. Because appellant pleaded not guilty, the trial court properly certified that this is not
a plea-bargain case and certified that appellant has a right to appeal. See Tex. R. App.
P. 25.2(a)(2); Terrell v. State, __ S.W.3d __, Nos. 01-06-00645-CR, 01-06-00646-CR,
2007 WL _____, *___, slip op. at 5-6 (Tex. App.--Houston [1st Dist.] Oct. 18, 2007)
(order) (not yet reported).
2. This is not a case in which the complaint on appeal was obvious, to the trial judge and
opposing counsel, from the objection asserted at trial. See Buchanan v. State, 207
S.W.3d 772, 775 (Tex. Crim. App. 2006) (citing Heidelberg v. State, 144 S.W.3d 535,
539-43 (Tex. Crim. App. 2004)); Massey v. State, 933 S.W.2d 582, 586-87 (Tex.
App.--Houston [1st Dist.] 1996, no pet.) (holding that appellant's objection, that
testimony was "getting into extraneous offenses," sufficient to preserve appellate
contentions grounded in rule 404(b) of Rules of Evidence).
3. Appellant objected at trial that Deputy Robertson was "not qualified as a proper
expert" to respond to the prosecutor's inquiry regarding whether appellant was
intoxicated, but has not pursued that contention on appeal.