**Opinion issued May 13, 2014.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-13-00525-CR**

**NO. 01-13-00526-CR**

———————————

**KEVIN DENELL BENNETT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 21st District Court**
**Washington County, Texas**
**Trial Court Case Nos. 16076, 16077**

---

**MEMORANDUM OPINION**

Kevin Denell Bennett pleaded guilty, without a sentencing recommendation,

to tampering with physical evidence and possessing less than one gram of

cocaine.[1] The trial court found him guilty of both offenses, found two enhancement paragraphs true, and assessed punishment at two 10-year terms of confinement, to run concurrently. Bennett challenges the sufficiency of the evidence to support his convictions. We affirm.

## Background

In September 2011, a grand jury charged Bennett with tampering with physical evidence and possessing less than one gram of a controlled substance. The indictment for tampering with physical evidence stated that on June 13, 2011, Bennett, "knowing that an investigation was in progress, to-wit: search of [his] automobile, intentionally or knowingly alter[ed] a rock of cocaine, with intent to impair its availability as evidence in the investigation." The indictment for possession of a controlled substance included two enhancement paragraphs for prior offenses:

> [P]rior to the commission of the aforesaid offense . . . on the 18th day of August, 1997, in cause number 682094 in the 262nd District Court of Harris County, Texas, the defendant was convicted of the felony offense of robbery,
>
> And it is further presented in and to said Court that, prior to the commission of the primary offense, and after the conviction in cause

---

[1]     *See* TEX. PENAL CODE ANN. § 37.09 (West Supp. 2013) (criminalizing knowing alteration, destruction, or concealment of anything with intent "to impair its verity, legibility, or availability as evidence in the investigation or official proceeding"); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010) (criminalizing possession of less than one gram of cocaine).

number 682094 was final, the defendant committed the felony offense of Assault, family violence-second offender and was convicted on the 27th day of September, 2004, in cause number 999186 in the 177th District Court of Harris County, Texas.

The indictment for tampering with physical evidence also included the enhancement paragraph for the 1997 robbery conviction, but it did not include the enhancement paragraph for the 2004 family violence conviction.

On March 5, 2013, the State moved to amend the indictment for tampering with physical evidence to allege that Bennett, "knowing that an investigation was in progress, to-wit: *traffic stop and illegal narcotics*, intentionally or knowingly alter[ed], *conceal[ed] and destroy[ed]* a rock of cocaine, with intent to impair its availability as evidence in the investigation." (emphasis added). The trial court granted the motion, but the State never took any of the actions generally accepted as sufficient to amend an indictment, such as making a physical interlineation of the original indictment, reading the amended indictment into the record, or providing the trial court with an amended photocopy of the original indictment and incorporating it into the record with the trial court's approval. *See Riney v. State*, 28 S.W.3d 561, 565–66 (Tex. Crim. App. 2000) (holding that physical interlineation of original indictment is not only means of effecting amendment to indictment and that amended photocopy of original indictment was official indictment). The trial court's order also did not set out the substance of the amended indictment. *Cf. Valenti v. State,* 49 S.W.3d 594, 598 (Tex. App.—Fort

3

Worth 2001, no pet.) (upholding interlineated indictment when original indictment was reproduced before amending indictment). The State does not dispute that the original, unamended indictment remained in place.

Two weeks later, Bennett pleaded guilty to both offenses. While testifying at the hearing, Bennett confirmed that he pleaded guilty to both charges because he was guilty "and for no other reason" and signed two documents confessing to his guilt. After a presentence investigation was completed, Bennett testified regarding his possible sentencing. The trial court accepted Bennett's guilty pleas, found him guilty of possessing a controlled substance and tampering with physical evidence, found both enhancement paragraphs to be true, and sentenced Bennett to two 10-year terms of confinement, to run concurrently.

Bennett timely appealed.[2]

## Sufficiency of the Evidence

Bennett contends that there was insufficient evidence to support his convictions for tampering with physical evidence and possessing a controlled substance. Specifically, he challenges the form and substance of the indictments supporting those convictions. He also challenges the sufficiency of the evidence to support one of the enhancement paragraphs used to enhance his sentence. We first

---

[2] Cause No. 01–13–00525–CR is his appeal from his conviction for tampering with physical evidence. Cause No. 01–13–00526–CR is his appeal from his conviction for possession of a controlled substance.

4

address Bennett's contentions regarding the conviction for tampering with the evidence.

## A.    Standard of review

When a criminal defendant pleads guilty, he waives his right to challenge the legal and factual sufficiency of the evidence. *Keller v. State*, 125 S.W.3d 600, 605 (Tex. App.—Houston [1st Dist.] 2003), *pet. dism'd, improvidently granted*, 146 S.W.3d 677 (Tex. Crim. App. 2004) (per curiam); *see also Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In such cases, we confine our review of the sufficiency of the evidence to determining whether the evidence supports the conviction under article 1.15 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005) (stating that State must "introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same."); *Keller*, 125 S.W.3d at 605 (citing TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005)). The State must offer sufficient proof to support any judgment based on a guilty plea in a felony case tried before a court. *Keller*, 125 S.W.3d at 604 (citation omitted); *see also Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986). "The State, however, is not required to prove the defendant's guilt beyond a reasonable doubt; the supporting evidence

5

must simply embrace every essential element of the charged offense." *Staggs*, 314 S.W.3d at 159.

## B.    Tampering with physical evidence

Bennett contends that the original indictment for tampering with evidence does not define a "separate criminal offense alleged to have already been committed." Second, Bennett contends that, even assuming the indictment was amended, there was insufficient evidence that he tampered with physical evidence because the amended indictment alleged that he altered, destroyed, *and* concealed evidence but there was evidence that he, at most, concealed it.[3]

### 1.    Waiver

The State responds that Bennett waived his right to challenge the sufficiency of the indictment. Article 1.14 of the Texas Code of Criminal Procedure provides that a defendant must object to a defect, error, or irregularity of form or substance in an indictment before the date of trial; otherwise, he waives his right to challenge that error on appeal. TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005); *see Massey v. State*, 933 S.W.2d 582, 584–85 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (holding defendant waived right to challenge indictment by not raising issue at trial); *see also Lemell v. State,* 915 S.W.2d 486, 489 (Tex. Crim. App. 1995) (same).

---

[3]     *But see* TEX. PENAL CODE ANN. § 37.09 (stating tampering with the evidence occurs when defendant "alters, destroys, *or* conceals" evidence) (emphasis added).

Bennett did not object that the indictment was defective before trial. Accordingly, we conclude that he waived any error as to the sufficiency of the indictment.

## 2.    Evidence to support conviction satisfies article 1.15

Next, Bennett contends that there was insufficient evidence to support his guilty plea. A person commits the felony offense of tampering with physical evidence if he knows that an investigation is pending or in progress and he alters, destroys, or conceals something with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding. *See* TEX. PENAL CODE ANN. § 37.09 (West 2013). Article 1.15 of the Texas Code of Criminal Procedure requires the State to "introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." TEX. CODE CRIM. PROC. ANN. art. 1.15; *see Menefee v. State*, 287 S.W.3d 9, 13–14 (Tex. Crim. App. 2009).

The evidence supporting a guilty plea may take several forms. *Menefee*, 287 S.W.3d at 13. Article 1.15 provides that "the evidence may be stipulated if the defendant in such a case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the

introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court." TEX. CODE CRIM. PROC. ANN. art. 1.15. When a defendant pleads guilty, article 1.15 does not require him to admit the truth of the evidence to which he stipulates, but if he does so, the stipulation will be considered a judicial confession. *Stone v. State*, 919 S.W.2d 424, 426–27 (Tex. Crim. App. 1996); *see also Guiterrez v. State*, 176 S.W.3d 394, 396 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (holding "judicial confession or stipulation of evidence, by itself, suffices to sustain a conviction rendered upon a guilty plea."); *cf. Menefee*, 287 S.W.3d at 14 (holding that "a stipulation of evidence or judicial confession that fails to establish every element of the offense charged will not authorize the trial court to convict."). Evidence presented during a sentencing hearing may also substantiate a guilty plea. *Menefee*, 287 S.W.3d at 18–19; *see also Stewart v. State*, 12 S.W.3d 146, 147–49 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

The trial court admitted into evidence Bennett's signed judicial confession, in which he affirmed, "knowing that an investigation was in progress, to wit: search of [his] automobile, [he] intentionally or knowingly alter[ed] a rock of cocaine, with intent to impair its availability as evidence in this investigation." The

8

confession tracked the language of the original indictment and provided evidence on each of its elements.[4]

Bennett also signed a document entitled Defendant's Plea of Guilty, Waiver, Stipulation and Judicial Confession. In that document, Bennett admitted, (1) "I knowingly, intentionally, and unlawfully committed the acts alleged in the indictment in this cause at the time and place and in the manner alleged" and (2) "I am in fact guilty of the offense of tampering with physical evidence." Regardless of which indictment was before the court, there was evidence of his guilt.

These two documents covered every element of the offense of tampering with physical evidence, and, therefore, satisfied article 1.15 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15.

We conclude, therefore, that there was sufficient evidence to support the trial court's verdict finding Bennett guilty of tampering with physical evidence.

We overrule Bennett's first issue.

## C.    Enhancement Paragraph

In his second issue, Bennett contends that the second enhancement of the indictment referencing a 2004 family violence conviction was not adequately set forth in the indictment because it did not allege a felony, which is required to

---

[4]    Bennett asserts that the original indictment could not be the basis for a crime because "a 'search of the defendant's automobile' is not an investigation." As discussed above, Bennett waived his right to challenge the sufficiency of the indictment.

9

enhance his conviction. He also contends that the evidence supporting the enhancement was legally insufficient.

## 1. Waiver

We first address the State's contention that Bennett waived his right to challenge the adequacy of the indictment.

To preserve an error for appellate review, the complaining party must object or raise the matter in the trial court, giving the trial court sufficient notice of the defect, error, or irregularity of the form or substance of the indictment. *See* TEX. R. APP. P. 33.1(a)(1)(A); TEX. CODE CRIM. PROC. ANN. art. 1.14(b); *see Massey*, 933 S.W.2d at 584; *see also Lemell,* 915 S.W.2d at 489.

Bennett failed to object to the lack of notice in the indictment at trial and, therefore cannot raise the issue on appeal. And, even if he had objected to the adequacy of the indictment as to the enhancement paragraph, the State was not obligated to allege a prior conviction in an indictment that it intended to use to enhance punishment. *Villescas v. State*, 189 S.W.3d 290, 292–93 (Tex. Crim. App. 2006); *cf. Freda v. State*, 704 S.W.2d 41, 43 (Tex. Crim. App. 1986) (upholding indictment—despite variance between name of offense offered and name of offense proved—because defendant had sufficient notice of proposed enhancement).

We conclude that Bennett waived this claim of error.

10

**2.      Adequacy of the evidence to support enhancement offense**

When a criminal defendant pleads that enhancement paragraphs are true, his agreement is sufficient evidence to those enhancements on appeal. *Hall v. State*, 137 S.W.3d 847, 856 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (holding "appellant's plea of true precludes his complaint about the insufficiency of the evidence to establish his enhancement paragraph."); *see also Dinn v. State*, 570 S.W.2d 910, 915 (Tex. Crim. App. 1978) (same).

Bennett pleaded true in open court to a 2004 "felony offense of assault, family violence, second offender." At his sentencing hearing, Bennett similarly confirmed that after being convicted for a family violence assault in 2003, he was convicted of a second assault, family violence that "became a felony."

We conclude that Bennett pleaded true to the 2004 felony and, therefore, cannot now complain on appeal that the evidence was insufficient to support the enhanced sentence.

We overrule Bennett's second issue.

## Conclusion

Having overruled both of Bennett's issues, we affirm.


Harvey Brown
Justice

11

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).