**Affirmed and Majority and Concurring Opinions filed October 29, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00043-CR

## HUNG PHUOC LE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1371912**

## M A J O R I T Y   O P I N I O N

Appellant Hung Phuoc Le appeals from his conviction for felony possession of marijuana in an amount greater than four ounces but less than five pounds. After a jury found appellant guilty and he pleaded true to two enhancement paragraphs, the trial court sentenced him to three years' imprisonment. Appellant challenges the legal sufficiency of the evidence in his first issue on appeal. In his second and third issues, appellant contends the trial court erred in admitting extraneous offense evidence. And, in his fourth issue, appellant contends he was

entitled to a lesser-included offense instruction in the jury charge.  We affirm.

## I.  Background

Deputy Constable Ricardo Coronado initiated a traffic stop of a pickup truck being driven by appellant in the early morning hours of December 21, 2012, after determining that the truck's vehicle registration had expired.  There were two passengers in the vehicle with appellant.  When Coronado asked appellant for his driver's license, appellant replied that he did not have it with him.  Coronado then asked appellant to step out of the truck; whereupon, Coronado noticed a strong smell of marijuana smoke emanating from the vehicle.  More officers, including a canine (K-9) unit, reported to the scene and the vehicle was searched.  The search revealed a large quantity of marijuana (1.35 pounds of "useable" marijuana plus "mature stalks and stems") contained in a black garbage bag in the bed of the truck, as well as lesser amounts in several places inside the truck's cab, including a lunch box located between the driver's and the passenger's seats, the glove box, behind the passenger's seat, and in the passenger's-side cup holder.  Constables further discovered three pairs of shears in the truck with a "plant substance residue" on them and a package of cigarette rolling papers.

Arthur Davila, who was in the front passenger seat when Coronado stopped the vehicle, pleaded guilty to possession of marijuana and signed a stipulation that he committed the offense along with appellant.[1]  At trial, however, Davila testified that he only signed the stipulation because he believed he had to in order to get a plea deal.  He said that, in reality, all of the marijuana, the shears, and the rolling papers belonged to him and not appellant. Davila said that he had known appellant for about eight years and had worked for him sporadically during that time.  He

---

[1] The stipulation read as follows:  "I stipulate that I committed this offense along with [appellant].  I give this stipulation freely and voluntarily."

2

said that on the morning in question, he asked appellant for a ride and threw the plastic bag into the truck bed while climbing into the cab with the other items. He admitted smoking a marijuana cigarette in the vehicle in front of appellant.

The other passenger in the truck was Sonny Nguyen, who stated he was sleeping in the back seat when the truck was stopped. Nguyen testified that there was no marijuana in the truck before they stopped to pick up Davila that morning. Nguyen said that he did not see or smell any marijuana even after Davila entered the vehicle. Nguyen acknowledged, however, that he was with appellant when appellant was arrested for possessing marijuana again less than a month later.

Over objection, the State presented extraneous offense evidence establishing appellant had been in possession of marijuana on three other occasions. Regarding two such offenses occurring in 2013, the State presented the live testimony of police officers. For the third offense, the State introduced a judgment and sentence from 2006 without testimony. The trial court overruled appellant's objections, which were based on the evidence being inadmissible as improper character conformity evidence and more prejudicial than probative.

At the conclusion of trial, appellant requested that a lesser-included offense instruction be included in the jury charge, which would have permitted the jury to find appellant guilty of possessing an amount weighing four ounces or less, a misdemeanor offense.[2] The trial court denied the request. The jury charge

---

[2] In making the request, counsel noted that the weights listed in the lab report for the marijuana found in various places in the cab of the truck totaled to 3.98 ounces, slightly below the threshold making the offense a felony as opposed to a misdemeanor, the suggestion being that if the jury believed appellant only possessed the marijuana in the cab and not the marijuana in the bed of the truck, it could have convicted appellant of the lesser misdemeanor offense. *See* Tex. Health & Safety Code § 481.121(a). It should be further noted, however, that the lab chemist who prepared the report testified at trial that the aggregate total of the marijuana found in the cab was actually measured to be 113.46 grams or 4.002 ounces. The State suggests that the weights listed in the report were rounded-off, thus resulting in the aggregate total being less

included instructions on the law of parties and thus permitted the jury to convict appellant as the principal actor or as a party. The jury convicted appellant of the charged felony offense.

## II. Sufficiency of the Evidence

In his first issue, appellant challenges the legal sufficiency of the evidence to support his conviction for possession of marijuana. Specifically, appellant argues that that there is insufficient evidence of affirmative links showing he exercised care, custody, or control over the marijuana found in his truck.

In reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether a rational jury could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We consider all of the evidence adduced at trial, whether it was admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). We do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight to be given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

A person commits the felony offense of possession of marijuana if that person knowingly or intentionally possesses a useable quantity of the drug. Tex. Health & Safety Code § 481.121(a). Appellant was specifically convicted of

than 4 ounces; however, there is no direct evidence supporting this suggestion.

4

possession as a state jail felony, which additionally required proof the amount possessed was five pounds or less but more than four ounces. *Id*. § 481.121(b)(3). "Possession" is defined as "actual care, custody, control, or management." *Id*. § 481.002(38); *see also* Tex. Penal Code § 1.07(a)(39). To prove unlawful possession of a controlled substance, the State must establish that the accused exercised care, control, or management over the contraband and knew that the substance was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). The elements of possession may be proven through direct or circumstantial evidence, although the evidence must establish that the accused's connection with the substance was more than merely fortuitous. *Id*. at 405–06.

Mere presence in the same place as the controlled substance is insufficient to support a possession finding. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). Presence or proximity, when combined with other evidence, either direct or circumstantial, may establish possession. *Id*. However, when a defendant did not have exclusive possession of the place where the contraband was found, the reviewing court must examine the record to determine if there are additional independent facts that "affirmatively link" the defendant to the contraband. *See Poindexter*, 153 S.W.3d at 406; *Torres v. State*, No. 14-14-00006-CR, 2015 WL 2250772, at *2 (Tex. App.—Houston [14th Dist.] May 12, 2015, no pet.). This requirement protects innocent bystanders from conviction based solely on their proximity to someone else's contraband. *Poindexter*, 153 S.W.3d at 406. The following nonexclusive list of factors has been recognized as tending to establish affirmative links: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband

5

when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Torres*, 2015 WL 2250772, at *2 (citing *Evans*, 202 S.W.3d at 162 n.12, and *Black v. State*, 411 S.W.3d 25, 29 (Tex. App.—Houston [14th Dist.] 2013, no pet.)). It is "not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial." *Evans*, 202 S.W.3d at 162. We hold that the evidence of affirmative links in this case was sufficient to support appellant's conviction.

To begin with, it was undisputed at trial that all of the marijuana at issue in this case was found in the cabin or the bed of a pickup truck owned by appellant and being driven by him at the time of the traffic stop that led to the seizure. Appellant, therefore, clearly was present at the time the marijuana was discovered, was in close proximity to it, and had access to and control over the location where it was found. *See, e.g., Black v. State*, 411 S.W.3d 25, 29 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (noting defendant was owner and driver of vehicle at the time marijuana was discovered in the trunk in holding evidence provided sufficient affirmative links); *Cisneros v. State*, 290 S.W.3d 457, 467 (Tex. App.—Houston [14th Dist.] 2009, pet. dism'd) (holding evidence was sufficient to affirmatively link defendant to marijuana where, among other things, defendant owned and was driving the vehicle at the time the marijuana was discovered).

Additionally, more than one officer testified regarding the strong odor of

6

marijuana in the truck at the time of the traffic stop and search. *See, e.g., Cisneros*, 290 S.W.3d at 467 (noting odor of marijuana emanating from vehicle in holding affirmative links evidence sufficient). The presence in appellant's truck of three pairs of shears with a "plant substance residue" on them (coinciding with the fact three people were riding in the truck), as well as the "mature stalks and stems" found in the truck, further link appellant to the contraband in the same way as drug paraphernalia would.[3] Moreover, Davila's stipulation indicating the marijuana found in the truck belonged to both him and appellant also affirmatively linked appellant to the marijuana. *See, e.g., Figueroa v. State*, 250 S.W.3d 490, 503 (Tex. App.—Austin 2008, pet. denied) (holding accomplice testimony concerning plan to sell cocaine helped affirmatively link defendant to cocaine).

This evidence affirmatively links the contraband to appellant. Appellant does not make any additional challenges to the sufficiency of the evidence. Accordingly, we overrule his first issue.

### III. Extraneous Offense Evidence

In his second and third issues, appellant contends the trial court erred in admitting extraneous offense evidence. As indicated above, the State introduced evidence establishing appellant had been in possession of marijuana on three other occasions, and the trial court admitted this extraneous offense evidence over appellant's objections. The State presented officer testimony to establish two offenses occurring in 2013, as well as a judgment and sentence related to a third extraneous offense occurring in 2006. Appellant objected to this evidence under Texas Rule of Evidence 403 on the ground that its probative value was

---

[3] *Cf. Culberson v. State*, No. 11-06-00196-CR, 2008 WL 1765132, at *7 (Tex. App.—Eastland Apr. 17, 2008, pet. ref'd) (holding discovery of marijuana stems in a trash can in defendant's bedroom closet, along with bags commonly used to package drugs, helped affirmatively link defendant to cocaine found in back yard of house).

substantially outweighed by a danger of unfair prejudice. In making its ruling allowing the evidence, the trial court stated that it was relevant to show appellant's intent and knowledge concerning possession of the marijuana, an element of the crime put at issue by the defense.

## A. Balancing Test Requirement

Appellant first argues that the trial court erred in refusing to conduct a balancing test under Texas Rule of Evidence 403 to determine whether the probative value of the extraneous offense evidence was substantially outweighed by a danger of unfair prejudice, citing *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1990), and *Massey v. State*, 933 S.W.2d 582, 587 (Tex. App.— Houston [1st Dist.] 1996, no pet.). *Montgomery* simply stands for the proposition that when a Rule 403 objection is made, the trial court must conduct a balancing test concerning the probative value and potential unfair prejudice of the evidence in question. 810 S.W.2d at 390. In *Massey*, the court of appeals held that the trial court erred in expressly refusing to conduct a Rule 403 balancing test. 933 S.W.2d at 587. The trial court in *Massey* apparently believed no balancing test was required under the circumstances presented. *See id*.

In the present case, however, the record does not reveal any such refusal to perform the test. Although the trial judge did not orally run through a list of factors on either side of the issue, that is not required. The judge clearly entertained the objection and made her ruling, so we assume she properly performed a balancing test. *See Santellan v. State*, 939 S.W.2d 155, 173 (Tex. Crim. App. 1997) ("Although appellant asserts that the trial court did not perform the balancing test, the trial court did not explicitly refuse to do the test, it simply overruled appellant's Rule 403 objections. We find nothing in the record to indicate that the trial court did not perform a balancing test, albeit a cursory one.");

*Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997) ("[A] judge is presumed to engage in the required balancing test once Rule 403 is invoked and we refuse to hold that the silence of the record implies otherwise."); *Hinojosa v. State*, 995 S.W.2d 955, 957 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ("Because appellant objected on specific grounds and the trial court overruled the objection, we assume that the trial court applied Rule 403 and determined that the probative value of the evidence was not substantially outweighed by any danger of unfair prejudice.").

## B. Admissibility of Extraneous Offense Evidence

Next, appellant argues that the trial court should have excluded the extraneous offense evidence because it was inadmissible under Rule of Evidence 404(b), as evidence of other crimes is generally inadmissible, and under Rule of Evidence 403, because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.[4]  We review a trial court's ruling under the Rules of Evidence for an abuse of discretion.  *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005).  If the ruling was correct on any theory of law applicable to the case, in light of what was before the trial court at the time the ruling was made, then we must uphold the judgment.  *Id.*  We will uphold a trial court's ruling on the admissibility of evidence as long as the ruling was within the zone of reasonable disagreement.  *Id.*

Evidence is relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.  Tex. R. Evid. 401.  Evidence of other crimes,

---

[4] Although appellant did not expressly raise Rule 404 in making his objection in the trial court, the trial judge clearly considered that rule in admitting the evidence.  We will assume for purposes of this appeal that the issue was properly preserved for our review.

wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character. Tex. R. Evid. 404(b). However, such evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Martin*, 173 S.W.3d at 466 (citing Rule 404(b)). Accordingly, a party may introduce extraneous offense evidence if (apart from character conformity) it logically serves to make more or less probable an elemental fact, an evidentiary fact that inferentially leads to an elemental fact, or defensive evidence that undermines an elemental fact. *Id*. Moreover, relevant evidence may be excluded if its probative value is substantially outweighed by a danger of, among other things, unfair prejudice. Tex. R. Evid. 403; *Grant v. State*, No. 14-13-01077-CR, 2015 WL 5025477, at *5 (Tex. App.—Houston [14th Dist.] Aug. 25, 2015, no pet. h.). Extraneous-offense evidence is admissible under both Rules 404(b) and 403 if the evidence is relevant to a fact of consequence in the case—apart from its tendency to prove conduct in conformity with character—and the probative value of the evidence is not substantially outweighed by unfair prejudice. *Martin*, 173 S.W.3d at 467; *Grant*, 2015 WL 5025477, at *5.

Moreover, extraneous-offense evidence is not inadmissible under Rule 404(b) when it is offered to rebut an affirmative defense or a defensive issue that negates one of the elements of the crime. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009); *Grant*, 2015 WL 5025477, at *5. In the present case, appellant did not dispute the presence of marijuana in his truck at the time in question, but he vigorously challenged at trial whether he knowingly or intentionally possessed the contraband. As the trial judge herself pointed out, defense counsel raised the issue in his opening statement, in cross-examining police officers, and in examining Davila, who asserted all of the marijuana

10

belonged to him and appellant was unaware of its presence. The State introduced the extraneous offense evidence for the very purpose of rebutting appellant's position that he lacked the requisite intent or knowledge required for conviction for possession of marijuana.

The relevance of extraneous offenses to show intent is derived from the "doctrine of chances," which concerns "the instinctive recognition of that logical process which eliminates the element of innocent intent by multiplying instances of the same result until it is perceived that this element [i.e. innocent intent] cannot explain them all." *Plante v. State*, 692 S.W.2d 487, 491 (Tex. Crim. App. 1985) (quoting 2 John H. Wigmore, Evidence § 302 (Chadbourn rev. 1979)); *see also Rickerson v. State*, 138 S.W.3d 528, 531 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd); *Hudson v. State*, 112 S.W.3d 794, 803 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). In other words, evidence that the appellant had on other occasions committed similar offenses to the one he is charged with serves to reduce the possibility that the act in question was done with innocent intent. *See Plante*, 692 S.W.2d at 492; *Hudson*, 112 S.W.3d at 803.

The evidence that appellant had at other times possessed marijuana was circumstantial evidence that he intentionally or knowingly possessed it on December 21, 2012.[5] It therefore had relevance beyond the question of character conformity and was admissible to rebut the defensive theory that appellant did not have the requisite knowledge or intent. *See Wingfield v. State*, 197 S.W.3d 922, 925 (Tex. App.—Dallas 2006, no pet.); *Mason v. State*, 99 S.W.3d 652, 656 (Tex. App.—Eastland 2003, pet. ref'd).

---

[5] As explained by the officers who testified regarding the two 2013 offenses, both involved finding marijuana in a vehicle owned by appellant, making them particularly similar to the offense charged in the present case. The record does not reveal whether the remaining extraneous offense occurring in 2006 involved a vehicle.

11

We next turn to the question of whether the probative value of the extraneous offense evidence was substantially outweighed by the danger of unfair prejudice from its admission. We begin with a presumption that the probative value of relevant evidence substantially outweighs the danger of unfair prejudice from admission of that evidence. *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990); *Grant*, 2015 WL 5025477, at *8. It is therefore the defendant's burden to demonstrate that the danger of unfair prejudice substantially outweighs the probative value. *Grant*, 2015 WL 5025477, at *8; *Kappel v. State*, 402 S.W.3d 490, 494 (Tex. App.—Houston [14th Dist.] 2013, no pet.). In reviewing trial courts' balancing determinations under Rule 403, we reverse only rarely and upon a clear demonstration of abuse of discretion. *Kappel*, 402 S.W.3d at 494.

The following factors are considered relevant to the analysis under Rule 403: (1) the strength of the evidence in making a fact more or less probable; (2) the potential of the extraneous-offense evidence to impress the jury in some irrational but indelible way; (3) the amount of time the proponent needed to develop the evidence; and (4) the strength of the proponent's need for the evidence to prove a fact of consequence. *Grant*, 2015 WL 5025477, at *8; *Bargas v. State*, 252 S.W.3d 876, 892–93 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

The extraneous offense evidence at issue here cast considerable doubt on appellant's position that the marijuana found in his vehicle was not his, as it showed multiple prior incidents in which he was determined to have possessed marijuana, including twice in his vehicle. One of the other incidents even involved Nguyen, who testified that the marijuana at issue in the present case was Davila's and not his or appellant's. The first factor therefore weighs heavily in favor of finding the evidence was substantially more probative than prejudicial. *See Prince v. State*, 192 S.W.3d 49, 56 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd)

12

(holding probative value exceeded any unfair prejudicial effect where evidence rebutted appellant's defensive theory concerning lack of intent).

Certainly, evidence of this nature may have a tendency to impress the jury based on an impermissible inference of character conformity. The trial judge, however, instructed the jury both when the first extraneous offense evidence was introduced and again in the charge that it could not consider such evidence for any purpose unless it found beyond a reasonable doubt that appellant committed the other offenses and, even then, the evidence could only be considered for the purpose of determining appellant's knowledge or intent in the present case. We generally presume a jury followed a trial court's instruction regarding consideration of evidence. *See, e.g., Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005); *see also McGregor v. State*, 394 S.W.3d 90, 121 (Tex. App.— Houston [1st Dist.] 2012, pet. ref'd) (holding potential inference of character conformity was held in check by limiting instruction). Although the evidence may have had some potential for unfair prejudice, it appears to have been limited in this case. The second factor therefore weighs in favor of the admissibility of the evidence.

Next, our review of the record shows that about one-fifth of the testimony at trial was dedicated to establishing the extraneous offenses. Although this is not an inconsequential percentage, we note that this was a relatively simple, straightforward case that did not necessitate lengthy testimony, and it does not appear that the State placed undue emphasis on the extraneous offense evidence. We therefore conclude that this factor weighs only slightly against the admissibility of the extraneous offense evidence. *See Toliver v. State*, 279 S.W.3d 391, 398–99 (Tex. App.—Texarkana 2009, pet. ref'd) (holding factor weighed against admission where about twenty-three percent of direct testimony concerned

extraneous offenses).

Lastly, under the circumstances of this case, there does not appear to have been any other evidence that would have rebutted Davila's and Nguyen's testimony and appellant's defense as effectively as did the extraneous offense evidence.[6] Therefore, the fourth factor, concerning the need for such evidence, also weighs in favor of finding the evidence more probative than prejudicial. *See Prince*, 192 S.W.3d at 56 (holding extraneous offense evidence was necessary to establish intent under the circumstances of the case).

As indicated, only the third factor, the time spent developing the extraneous offense evidence, weighs against admissibility and that only slightly. Considering the four factors together, we conclude that the trial court was within the zone of reasonable disagreement in determining that the probative value of the extraneous offense evidence was not substantially outweighed by its prejudicial effect. *See Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009) ("[Rule 403] envisions exclusion of evidence only when there is a 'clear disparity between the degree of prejudice of the offered evidence and its probative value.'") (quoting *Conner v. State*, 67 S.W.3d 192, 202 (Tex. Crim. App. 2001)). The trial court, therefore, did not abuse its discretion in admitting the extraneous offense evidence. Consequently, we overrule appellant's second and third issues.

## IV. Lesser-included Offense Instruction

Lastly, in issue four, appellant contends he was entitled to a lesser-included offense instruction in the jury charge. Specifically, appellant asserts the trial court should have permitted the jury to find him guilty of misdemeanor possession of

---

[6] Davila's stipulation that he committed the offense along with appellant certainly played a role in the jury's analysis as well, but Davila cast doubt on this stipulation, explaining that he only signed it in order to get a favorable plea deal.

14

marijuana for an amount of four ounces or less. *See* Tex. Health & Safety Code § 481.121(a)(2). We review a complaint of jury-charge error under a two-step process. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). First, we determine whether error occurred, and then, if we find error, we evaluate whether sufficient harm resulted from the error to require reversal. *See id.*; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).

A trial court errs in denying a request for a lesser-included offense in a jury charge if (1) the offense in question is actually a lesser-included offense of the offense charged in the indictment and (2) there is some evidence in the record from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser-included offense. *Threadgill v. State*, 146 S.W.3d 654, 665 (Tex. Crim. App. 2004); *Delacruz v. State*, 278 S.W.3d 483, 488 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). The first condition is satisfied in this case where the only difference between the two levels of offense is the weight of the marijuana possessed. *See* Tex. Health & Safety Code § 481.121(a)(2), (3).[7]

In determining whether the second condition is satisfied, we review all of the evidence presented at trial without considering its credibility or whether it conflicts with other evidence. *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998); *Delacruz*, 278 S.W.3d at 488. Anything more than a scintilla of evidence may be sufficient to entitle a defendant to an instruction on the lesser-included offense, regardless of whether the evidence is weak, impeached, or contradicted. *Cavazos v. State*, 382 S.W.3d 377, 383 (Tex. Crim. App. 2012); *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007). Although this threshold showing is low, it is not enough that the jury might merely disbelieve evidence regarding the greater

---

[7] *See also Moore v. State*, No. 12-13-00041-CR, 2014 WL 2521537, at *14 (Tex. App.—Tyler May 30, 2014, pet. ref'd) (mem. op.) (not designated for publication).

15

offense; instead, there must be some evidence directly germane to the lesser offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted. *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011). If the defendant either presents evidence that he committed no offense or presents no evidence, and there is no evidence otherwise showing he is guilty only of the lesser-included offense, then a charge on a lesser-included offense is not required. *Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994).

Here, police found marijuana in various places in the cab of the truck as well as in a plastic garbage bag in the bed of the truck. Appellant was the owner and driver of the vehicle, but Davila claimed that all of the marijuana found in the truck was his and appellant knew nothing about it (testimony which contradicted the stipulation he signed when he confessed). In his brief, appellant suggests that the jury could have believed that appellant possessed the marijuana in the cab of the truck but did not possess the marijuana in the truck bed. On that basis, with little additional analysis and no discussion of or citation to evidence in support, appellant argues the trial court erred in denying him a lesser-included offense instruction.

Appellant's position and Davila's testimony at trial was that none of the marijuana belonged to appellant. Appellant does not cite to any evidence suggesting that he possessed only the marijuana found in the cab. *See Sweed*, 351 S.W.3d at 68 (explaining that there must be some evidence directly germane to the lesser offense before an instruction is warranted and it is not enough that the jury might merely disbelieve evidence regarding the greater offense); *Bignall*, 887 S.W.2d at 24 (explaining that if a defendant only presents evidence he committed no offense, and there is no evidence otherwise showing he is guilty only of the lesser-included offense, then a lesser-included offense instruction is not

16

warranted).

Appellant offers no argument regarding how he could have been entitled to a lesser-included offense instruction given the evidence adduced at trial. *See Threadgill*, 146 S.W.3d at 665 (explaining that for a defendant to be entitled to a lesser-included offense charge, there must be some evidence in the record from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser offense). Accordingly, we overrule his fourth issue.

We affirm the trial court's judgment.


/s/    Martha Hill Jamison
       Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby (Frost, C.J., concurring).
Publish — TEX. R. APP. P. 47.2(b).