**Opinion filed February 4, 2021**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-19-00060-CR
_____

**STACIE MICHELLE MOORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR25374**

## M E M O R A N D U M   O P I N I O N

Appellant, Stacie Michelle Moore, was indicted for the second-degree felony offense of delivery of a controlled substance in a drug-free zone. The jury convicted Appellant and assessed her punishment at fifteen years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice and a $1,000 fine. The trial court sentenced Appellant accordingly. In two issues, Appellant challenges the sufficiency of the evidence to support her conviction and argues that the trial

court committed reversible error when it admitted evidence of an extraneous offense during the guilt/innocence phase of the trial. We affirm.

## I. *Factual Background*

In August 2016, Joe Aaron Taylor, a narcotics detective with the Brownwood Police Department, began investigating the distribution of methamphetamine by Brittany McDonough after receiving information of McDonough's involvement in the distribution of methamphetamine. Detective Taylor had used confidential informants to make controlled buys from McDonough on two occasions. On August 16, 2016, Dennis Bradley, a confidential informant, arranged to purchase 1.75 grams of methamphetamine for $120 from McDonough at her apartment in Brownwood. Before Bradley proceeded to the residence, Detective Taylor searched Bradley, gave him $120, and equipped Bradley with the necessary audio and video recording devices.

When Bradley first arrived at McDonough's residence, she was not present. McDonough arrived approximately five minutes later and called her mother, Appellant, who lived next door. McDonough told Bradley that she had given Appellant "[her] stuff." She then asked Appellant to bring "that" to McDonough's apartment. Bradley testified that, upon entering the apartment, Appellant said: "Here it is." Appellant then handed McDonough a "brown plastic bag" that Appellant produced from under a red cloth. McDonough then weighed a white substance on a scale, put it back in the same little bag, and sold that bag to Bradley for $120. Bradley testified that, after the sale, he returned to Detective Taylor's vehicle for a debriefing and to produce the drugs that had been purchased. The bag that Bradley purchased from McDonough contained 1.63 grams of methamphetamine.

Detective Taylor testified about a previous controlled buy that occurred at the same location on August 12, 2016, whereby a different confidential informant,

2

Amber Talamantez, was used. Detective Taylor testified that McDonough was not present during this transaction, even though the controlled buy occurred at her residence. Talamantez's interactions, which were also audio and video recorded, were solely with Appellant. Detective Taylor testified that the same controlled-buy procedure was used with the Talamantez and Bradley transactions, except that Appellant, acting on behalf of McDonough, sold Talamantez a package containing 1.38 grams of methamphetamine.

McDonough testified that she was the dealer in the transactions with Bradley and Talamantez. McDonough further claimed to be solely responsible for what occurred during these transactions and that Appellant was not involved in the distribution or possession of the methamphetamine in either transaction. According to McDonough, Appellant's presence during the transaction with Bradley was merely to distract him while McDonough retrieved the methamphetamine from a barbecue pit outside the home.

## II. *Sufficiency of the Evidence*

### *A. Standard of Review*

In Appellant's first issue, she challenges the sufficiency of the evidence supporting her conviction. We review a challenge to the sufficiency of the evidence, regardless of whether it is framed as a legal or factual sufficiency challenge, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319;

*Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Viewing the evidence in the light most favorable to the verdict requires that we consider all the evidence admitted at trial, including improperly admitted evidence. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). As such, we defer to the factfinder's credibility and weight determinations because the factfinder is the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899. The *Jackson* standard is deferential and accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the facts. *Jackson*, 443 U.S. at 319; *Zuniga*, 551 S.W.3d at 732; *Clayton*, 235 S.W.3d at 778. We may not reevaluate the weight and credibility of the evidence to substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Therefore, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012); *Clayton*, 235 S.W.3d at 778.

*B. Analysis*

A person commits an offense if she knowingly delivers a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2017). "Delivery" means to actually or constructively transfer a controlled substance to another. *Id.* at § 481.002(8) (West Supp. 2020). Appellant asserts that there is no evidence of an actual delivery of methamphetamine from Appellant to Bradley on August 16, 2016. Appellant further claims that the only evidence of a constructive delivery was Bradley's testimony that he saw Appellant remove a bag from under a red cloth and

give it to McDonough after Appellant arrived at McDonough's residence. According to McDonough, Appellant's presence was to distract Bradley while McDonough retrieved the methamphetamine from a barbecue pit outside the residence. Appellant claims that the video recording of the transaction is of poor quality and never shows a clear transfer of a bag from Appellant to McDonough. As such, Appellant contends that the evidence of constructive transfer is based solely on the insufficient and uncorroborated testimony of the State's confidential informant, Bradley.

In *Cook v. State*, we addressed the corroboration requirement for the testimony of a covert agent. 460 S.W.3d 703, 708–10 (Tex. App.—Eastland 2015, no pet.). Article 38.141 of the Texas Code of Criminal Procedure is the covert agent rule. *See* TEX. CODE CRIM. PROC. ANN. art. 38.141 (West 2005). The standard for evaluating the sufficiency of the corroboration of a covert agent's testimony and an accomplice witness's testimony is the same. *Malone v. State*, 253 S.W.3d 253, 256–58 (Tex. Crim. App. 2008); *Cook*, 460 S.W.3d at 708. Thus, when weighing the sufficiency of corroborating evidence under Article 38.141(a), we must exclude the testimony of the covert agent from consideration and examine the remaining evidence to determine whether there is evidence in the record that tends to connect the defendant to the commission of the charged offense. *Malone*, 253 S.W.3d at 258; *Cook*, 460 S.W.3d at 708. The "tends-to-connect" standard does not present a high threshold. *Cook*, 460 S.W.3d at 708–09 (citing *Randall v. State*, 218 S.W.3d 884, 886 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Cantelon v. State*, 85 S.W.3d 457, 461 (Tex. App.—Austin 2002, no pet.)).

Standing alone, the corroborating evidence need not prove the defendant's guilt beyond a reasonable doubt. *Malone*, 253 S.W.3d at 257; *Cook*, 460 S.W.3d at 709. To be sufficient, the corroborating evidence must show more than just the

5

"mere presence" of the defendant at or near the scene of the crime. *Malone*, 253 S.W.3d at 257; *Cook*, 460 S.W.3d at 709. The corroborating evidence need not directly link the defendant to the crime. *Cook*, 460 S.W.3d at 709; *Taylor v. State*, 328 S.W.3d 574, 578 (Tex. App.—Eastland 2010, pet. ref'd); *Smith v. State*, 211 S.W.3d 476, 478 (Tex. App.—Amarillo 2006, no pet.). Rather, the corroborating evidence must only tend to connect the defendant to the charged offense. *Malone*, 253 S.W.3d at 258–59; *Cook*, 460 S.W.3d at 709. We review the corroborating evidence in the light most favorable to the verdict. *Cook*, 460 S.W.3d at 709; *Taylor*, 328 S.W.3d at 578; *Smith*, 211 S.W.3d at 478.

Appellant contends that Bradley's testimony was uncorroborated. We disagree. As in *Cook*, the State presented the audio and video recordings of the drug transaction depicting Bradley's purchase of methamphetamine from McDonough. *See Cook*, 460 S.W.3d at 709–10. Prior to entering McDonough's residence, Detective Taylor searched Bradley to assure that he did not have any drugs in his possession. McDonough is seen arriving at her residence after Bradley is inside. McDonough then called Appellant and asked her to "bring that over here to me." Shortly thereafter, Appellant entered the residence. After Appellant handed an object to McDonough from under a red cloth, McDonough immediately sat down at a table to weigh and repackage what was later determined to be methamphetamine. As the finder of fact, the jury was permitted to weigh the evidence and make its own determinations and assessments of the images and sounds that were depicted in the audio and video recordings. *See Cook*, 460 S.W.3d at 709–10 (citing *Cantelon*, 85 S.W.3d at 459–62).

We have reviewed all of the evidence in the light most favorable to the jury's verdict. Here, we hold that the record before us contains sufficient evidence from which a rational jury could find and conclude beyond a reasonable doubt that

Appellant delivered methamphetamine to Bradley. Irrespective of Bradley's testimony, the corroborating evidence alone (the audio and video recordings) tends to connect Appellant to the transaction, and the jury could have so concluded. Moreover, because Bradley's testimony was corroborated, the jury could consider his testimony in the same manner as any other competent evidence. *See Castillo v. State*, 517 S.W.3d 363, 376 (Tex. App.—Eastland 2017, pet. ref'd) (citing *Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002)).

We note that, with respect to the evidence Appellant asserts is conflicting, namely Bradley and McDonough's testimony, the applicable standard of review requires that we presume the jury resolved the conflicts in favor of the verdict, and we defer to the jury's determination on this issue. *See Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. In this case, as in all cases, the jury may accept or reject all, some, or none of a witness's testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *Isham v. State*, 258 S.W.3d 244, 248 (Tex. App.—Eastland 2008, pet. ref'd). As such, it is the jury's role to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the facts. *Jackson*, 443 U.S. at 319. Accordingly, because sufficient evidence supports Appellant's conviction for delivery of a controlled substance as charged in the indictment, we overrule Appellant's first issue.

### III. *Extraneous-Offense Evidence*

#### A. Standard of Review

In Appellant's second issue, she challenges the trial court's decision to admit extraneous evidence of a prior controlled-buy transaction whereby Talamantez purchased methamphetamine from Appellant. We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019); *Coble v. State*, 330 S.W.3d 253, 272

(Tex. Crim. App. 2010); *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). This standard of review also applies to a trial court's decision to admit or exclude extraneous-offense evidence. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). We will not reverse a trial court's decision to admit or exclude evidence, and there is no abuse of discretion, unless that decision lies outside the zone of reasonable disagreement. *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018); *De La Paz*, 279 S.W.3d at 343–44; *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). Furthermore, we will uphold a trial court's evidentiary ruling if it is correct on any theory of law that finds support in the record and is applicable to the case. *Henley v. State*, 493 S.W.3d 77, 93 (Tex. Crim. App. 2016); *Gonzalez v. State*, 195 S.W.3d 114, 125–26 (Tex. Crim. App. 2006); *Dering v. State*, 465 S.W.3d 668, 670 (Tex. App.—Eastland 2015, no pet.).

To be admissible under both Rule 404(b) and Rule 403, extraneous-offense evidence must satisfy a two-prong test: (1) the extraneous-offense evidence must be relevant to a fact of consequence in the case apart from its tendency to prove conduct in conformity with character and (2) the probative value of the evidence must not be substantially outweighed by unfair prejudice. *See* TEX. R. EVID. 403, 404(b); *see also De La Paz*, 279 S.W.3d at 343–44; *Martin*, 173 S.W.3d at 467. Therefore, if the offered evidence satisfies this two-prong test, a trial court's ruling will normally be within the zone of reasonable disagreement. *De La Paz*, 279 S.W.3d at 344.

*B. Analysis*

Appellant asserts that the trial court committed reversible error when it admitted, over her objection, evidence of her involvement in a prior controlled-buy transaction. Specifically, Appellant contends that, because the extraneous offense occurred on a different date and involved a different confidential informant under

different circumstances, the trial court abused its discretion when it admitted this evidence.

Conversely, the State argues that the extraneous evidence of Appellant's involvement in the prior sale and delivery of methamphetamine was relevant and admissible (1) for noncharacter-conformity purposes; (2) to show Appellant's knowledge, opportunity, intent, and lack of accident; and (3) to rebut Appellant's defensive theory that she was in the wrong place at the wrong time, that she did not possess or deliver any methamphetamine, and that she did not bring or deliver methamphetamine to McDonough's residence. We agree.

### 1. Rule 404(b)

Rule 404(b) generally prohibits the admission of extraneous-offense evidence during the guilt/innocence phase of a trial to prove that a defendant committed the charged offense in conformity with bad character. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011) (citing TEX. R. EVID. 404(b)). However, extraneous-offense evidence may be admissible for other purposes if it has relevance apart from character or conformity. *Id.*; *Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003); *Hernandez v. State*, 426 S.W.3d 820, 825 (Tex. App.—Eastland 2014, pet. ref'd). Such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b)(2). The exceptions enumerated under Rule 404(b) are neither mutually exclusive nor collectively exhaustive. *De La Paz*, 279 S.W.3d at 343. "'Rule 404(b) is a rule of inclusion rather than exclusion.' The rule excludes only that evidence that is offered (or will be used) solely for the purpose of proving bad character and hence conduct in conformity with that bad character." *Id.* (first quoting *United States v. Bowie*, 232 F.3d 923, 929

(D.C. Cir. 2000); then citing *Rankin v. State*, 974 S.W.2d 707, 709 (Tex. Crim. App. 1996)).

Here, the extraneous evidence was relevant and admissible to show Appellant's knowledge, opportunity, intent, and lack of accident, and the trial court did not abuse its discretion when it admitted this evidence. Appellant's prior, similar conduct of possessing and directly selling methamphetamine for McDonough to another confidential informant shows that Appellant was aware of the drug's location; that she had the opportunity to, and did, possess the methamphetamine; that she intended to participate in the transaction, delivery, and sale of methamphetamine; and that her presence at the location where the sale occurred was intended and not simply coincidental.

### 2. Defensive Theory Rebuttal

Rebuttal of a defensive theory is one of the permissible purposes for which extraneous-offense evidence may be admitted. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Moses*, 105 S.W.3d at 626; *Atnipp v. State*, 517 S.W.3d 379, 392 (Tex. App.—Eastland 2017, pet. ref'd). Furthermore, extraneous-offense evidence is admissible to rebut defensive theories raised by the testimony of a defense witness during direct examination or a State's witness during cross-examination. *See Daggett v. State*, 187 S.W.3d 444, 453–54 (Tex. Crim. App. 2005); *Ransom v. State*, 920 S.W.2d 288, 301 (Tex. Crim. App. 1996) (op. on reh'g).

In this case, the extraneous evidence of Appellant's prior, similar conduct was admissible to rebut the defensive theory offered by her that she was in the wrong place at the wrong time, that she did not possess the methamphetamine, and that she did not deliver the methamphetamine to McDonough's apartment to be sold. Furthermore, and to her detriment, Appellant's defensive theory strengthened the State's need for presenting the extraneous evidence. Therefore, we hold that the trial

10

court did not abuse its discretion when it determined that the extraneous evidence was admissible under Rule 404(b) for that purpose.

### 3. Rule 403/Similarity of Offense

Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. TEX. R. EVID. 401. Relevant evidence is generally admissible. *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009). However, even if its admissibility is not prohibited under Rule 404(b), evidence of a prior extraneous offense may nonetheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403. Because Rule 403 favors the admissibility of relevant evidence, it is presumed that relevant evidence will be "more probative than prejudicial." *Montgomery v. State*, 810 S.W.2d 372, 388 (Tex. Crim. App. 1991) (op. on reh'g); *see also De La Paz*, 279 S.W.3d at 343 & n.17. The intent of Rule 403 is not to exclude all evidence that tends to prejudice the opponent's case. *See Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010). Rather, it only prevents the admission of evidence that promotes a jury's decision on an improper basis. *Id.*; *Montgomery*, 810 S.W.2d at 389. Therefore, we must determine how compelling or probative the evidence of Appellant's prior, similar controlled-buy transaction is as it concerns a fact of consequence. *Montgomery*, 810 S.W.2d at 391.

A trial court is presumed to have engaged in the required "balancing" when Rule 403 is invoked. *Williams v. State*, 958 S.W.2d 186, 195–96 (Tex. Crim. App. 1997). When performing a Rule 403 analysis, a trial court must balance:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest [a] decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a

11

jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or repeat evidence already admitted.

*Casey v. State*, 215 S.W.3d 870, 880 (Tex. Crim. App. 2007) (citing *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006)). Similarly, in reviewing the trial court's determination of whether evidence should be excluded under Rule 403, we consider the above factors and balance the claimed probative force of the evidence with the proponent's need for such evidence. *Henley*, 493 S.W.3d at 93; *Gigliobianco*, 210 S.W.3d at 641–42.

Given the applicable presumptions and abuse-of-discretion standard of review, we cannot conclude that the trial court's decision to admit the extraneous evidence was unreasonable. The trial court could have reasonably concluded that the probative value of the evidence was high and that the State's need to present it was high because it allowed the State to link Appellant to the charged offense. The trial court could have also concluded that the State's need to present this evidence increased because the State had no other means to disprove Appellant's defensive theory. We do not believe that the evidence tended to confuse or distract the jury in an irrational way or cause the jury to make a decision on an improper basis. Additionally, the State's emphasis of this evidence was limited, and the time needed to present the evidence was not an inordinate amount of time.

Furthermore, the extraneous evidence challenged by Appellant involved remarkably similar circumstances. Here, Appellant's direct involvement in a similar controlled buy of methamphetamine with a different confidential informant that occurred only four days prior to the transaction in this case was probative and relevant apart from character conformity; tended to refute Appellant's defensive theory; and addressed the issue of her knowledge, opportunity, intent, and lack of

accident. As such, evidence of a similar extraneous drug offense tends to make more probable an allegation that a defendant intended to deliver drugs in connection with the charged offense. *See Mason v. State*, 99 S.W.3d 652, 656 (Tex. App.—Eastland 2003, pet. ref'd); *Powell v. State*, 5 S.W.3d 369, 383 (Tex. App.—Texarkana 1999, pet. ref'd). Such is the case here.

When we review a trial court's ruling on the admissibility of relevant evidence, we must give wide latitude to the trial court, particularly in light of the presumption that the probative value of relevant evidence outweighs the danger of unfair prejudice. *Montgomery*, 810 S.W.2d at 389; *see also De La Paz*, 279 S.W.3d at 343 & n.17. We will reverse a trial court only upon a showing of a clear abuse of discretion. *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999) (citing *Montgomery*, 810 S.W.2d at 389). We have considered the Rule 403 factors and conclude that the trial court did not abuse its discretion when it determined that the probative value of the extraneous evidence was not substantially outweighed by the danger of unfair prejudice to Appellant, as she suggests. The trial court properly balanced the State's need for this evidence, and the record supports the trial court's decision to admit this evidence under either theory addressed above. As such, the trial court's ruling was not outside the "zone of reasonable disagreement." *See Bigby v. State*, 892 S.W.2d 864, 884 (Tex. Crim. App. 1994). Accordingly, we overrule Appellant's second issue.

### 4. Limiting Instruction

Finally, we note that the trial court included a proper limiting instruction in the jury charge in which the trial court addressed the jury's use and consideration of any extraneous-offense evidence admitted at trial so as to mitigate any potential improper consideration of this evidence by the jury when it was deciding Appellant's guilt. Because it is presumed that the jury follows a trial court's instructions

regarding the consideration of evidence, any potential harm is mitigated by the trial court's limiting instruction. *See Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009); *Hutch v. State*, 922 S.W.2d 166, 172 (Tex. Crim. App. 1996); *Garcia v. State*, 592 S.W.3d 590, 598 (Tex. App.—Eastland 2019, no pet.); *Hung Phuoc Le v. State*, 479 S.W.3d 462, 472 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


February 4, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.